## Bright v. Supreme Council of Catholic Knights and Ladies of America, et al.

(Decided February 25, 1919.)

### Appeal from Graves Circuit Court.

1. Insurance—Fraternal Insurance—Beneficiaries.—Previous to the enactment of the act of March 22, 1916, where the beneficiary in a policy of insurance issued by a fraternal benefit society, died, during the lifetime of the insured, and the insured did not, thereafter, make any further or other disposition of the fund to be paid under the policy, and in the absence of anything, in the contract of insurance, which made any other disposition of the fund, then to the beneficiary named, the fund, upon the death of the insured, descended to the heirs of the deceased beneficiary.

2. Insurance—Fraternal Insurance—By-law.—Previous to the act of March 22, 1916, concerning fraternal insurance companies, the constitution of the company, the laws of the state and the terms of the contract, fixed the rights of the parties and determined the disposition of the insurance fund, to be paid under the policy, at the time of the making of the contract of insurance, and after the contract of insurance was made, neither a by-law of the society, nor an act of the General Assembly can divest one of a vested right, which he acquired under the policy.

3. Insurance—Fraternal Insurance—Beneficiaries.—As a general rule, a beneficiary of a certificate in a fraternal benefit society, has only a contingent interest, which does not become vested until the death of the insured, and if he dies, before the insured, his right dies with him, and such is the rule declared by the act of March 22, 1916, to hereafter prevail in this state, but, here-

tofore, by the terms of sections 4841 and 655 Ky. Stats., the rule has been held to have been abrogated, and under contracts of insurance made previous to March 22, 1916, if the beneficiary died before the insured, and the insured, thereafter, made no further disposition of the fund to be paid under the certificate, and there was no provision of the contract, which provided for any other disposition of it, than to the named beneficiary, the right of the beneficiary was held to be vested, and while the insured might divest the right of the beneficiary by his act, the society could not do so.

ROBBINS & ROBBINS for appellant.

J. C. SPEIGHT, T. J. MURPHY and W. S. FOY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 19th day of May, 1905, Valentine E. Bright, obtained a policy of insurance or benefit certificate, which was issued to him, upon his application, by the Supreme Council of the Catholic Knights and Ladies of America. The insurer, is a fraternal society, under the supervision of a grand or supreme body, and secures its membership through the lodge system, exclusively, and does not pay commissions, nor employ agents, "except in the organization and supervision of the work of local or subordinate lodges or councils." The beneficiaries named in the certificate, were the three children of the insured, the appellant, Joseph A. Bright, Odella Bright, later Heathcote, the mother of the appellees, and Robert E. Bright. By the terms of the certificate, the benefit, was to be paid to the three beneficiaries, equally, after the death of the insured. The benefit, was the sum of $2,000.00. The conditions, under which the society agreed to pay the benefit, and the persons to whom it was to be paid, are set out, in the policy, as follows: "Upon condition, that the statements by him, made in his application for membership in said branch, the representations and agreements made and subscribed to, by him, in the medical examiner's blank, and the answers given and certified by him, to the medical examiner, all of which representations, agreements, statements, and answers, are, hereby declared to be warranties, and are made a part of this contract, and upon condition, that the said member complies, in the future, with all laws, rules and regulations now governing the said branch or order, or that may hereafter, be enacted by the

supreme council, to govern said branch or order, all of which, are, also, made a part of this contract. These conditions, being assented to, and complied with, the Supreme Council Catholic Knights and Ladies of America, hereby, promises and binds itself to pay out of the widows' and orphans' benefit fund, to his children, Joseph A., Odella, and Robert E. Bright, equally, the sum of two thousand dollars, in accordance with, and under the provisions of the laws, governing said fund, upon satisfactory proof of the death of said member, and, upon surrender of this certificate, provided, that said member is in good standing in this order, at the time of his death and provided, also, that this certificate shall not have been surrendered by said member, and another certificate issued at his request in accordance with the laws of this order." The widows' and orphans' benefit fund, is created by a levy of assessments upon the members of the order, by the laws and regulations prescribed by the supreme council.

The insured, died on the 4th day of October, 1917, but, preceding his death, his daughter, Odella Heathcote, died on January 21, 1910, leaving three children surviving her, and his son, Robert E. Bright, died on October 10, 1912, leaving no children. On April 21, 1911, the insured executed a last will and testament, by which he devised to the children of Odella Heathcote, one-third of the sum to be derived from the benefit certificate, and to each of his two sons, one-third of it.

There was a provision of the constitution and by-laws of the society, and which was in force, previous to, and at the time of the death of the insured, and which provided, that if a member desired to change the beneficiary in the certificate, held by him, that he should give written notice, and surrender his certificate, with the designation of the person to whom he desired a new certificate to be issued, in which instance, the old certificate would be cancelled, and a new one issued to the member instead, payable to the desired beneficiary, if not contrary to the laws of the order. The insured, never made any attempt, nor expressed any desire to have the certificate changed, so as to designate other or different beneficiaries, from the ones, originally named.

By another by-law of the society, it was provided, that no entry should be made in any application, or in any certificate, by which a member should be permitted

to designate a beneficiary, by reference, to any will of the member, or the amount or share of any beneficiary, and that no will should be permitted to control or affect the apportionment or distribution of, or rights of any person, to any benefits payable by the order, and neither, should any member be permitted to designate his "estate" as the beneficiary, and in the event, no person or persons, "are entitled to the benefit, it shall revert to the benefit fund."

During the lifetime of the insured, but, subsequent to the repeal of section 679 Ky. Stat. to the extent, that its provisions affected a fraternal society, such as the insurer, in the present instance, the constitution and by-laws, of the society, were changed, so that they provide, that the death benefits, to be paid by the society, shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member, and in certain instances to a charitable institution, upon which the member is dependent. Another clause of the by-law, is to the effect, that "In case of the death of one or more of the beneficiaries, before the death of the member, the amount of the certificate or policy, shall be paid to the survivor or surviving beneficiaries." A further provision is to the effect, that, "If the law of the state, where the member resides, or the branch is located, is more limited or circumscribed or more liberal than the charter of the order as to persons or classes, or subjects allowed to have the benefits of fraternal insurance money, then the law of the state, where the insured member resides or the branch is located shall be observed."

This action was instituted by Joseph A. Bright, who sought to recover the entire amount of the benefit certificate, as being the only surviving beneficiary named, in the certificate. The supreme council, the insurer, deposited the amount of the benefit, in court, and had no further interest in the controversy. The appellees, the three children of Odella Bright, or Heathcote, claim one-half of the benefits, as the heirs of their mother and uncle, Robert E. Bright. The court, sustaining a general demurrer to the reply, as amended, of Joseph A. Bright, rendered a judgment, directing one-half of the benefit, to be paid to the children of Odella Heathcote, and the other half, to Joseph A. Bright, and from that

judgment, he has appealed. The theory, upon which the appellant bases his claim to the entire benefit, is, that he was the only beneficiary, who was named in the certificate, surviving, at the death of the insured, and that the by-law of the society, which provides, that, in the event of the deaths of one or more of the designated beneficiaries, during the lifetime of the insured, the entire benefit should be paid to the surviving beneficiary or beneficiaries, is binding upon the insured, and the beneficiaries, although it became the law of the society long after the certificate was granted to him, and after the death of the other two beneficiaries; that the beneficiaries' interest, was a mere expectancy, and did not vest, until the death of the insured, and hence, the by-law, was not an impairment of the contract of insurance, between the society and the insured, nor between it and the beneficiaries.

It may be conceded, that every contract of insurance entered into between a beneficial society, and a member, is made in contemplation of its constitution and by-laws, its articles of association, and the statutes of the state applying to the operation of such societies, and all of these enter into and form a part of the contract of insurance, which is evidenced by the benefit certificate, and the members are bound by the provisions of the constitution and by-laws, although, they may not have actual knowledge of them, and it may, also, be conceded, that alterations in the by-laws and constitution of the society, are binding on the society, its members and the beneficiaries of its insurance, if the alterations are intended to operate, retrospectively, and the society has reserved the right to make the changes, in its by-laws, or where in the contract of insurance, the insured agrees to be bound by alterations, thereafter, made. Such alterations, however, can not be made, as to past contracts, if the alterations would destroy vested rights, or in other words, would impair the obligations of the contracts. If the contract contained a provision, that any alteration, thereafter made in a by-law, should be binding upon the parties and affect the terms of the contract, it would become, upon its enactment, a part of the contract, if it was such a by-law, as the society was authorized to make, and apply to the particular contract. It will be observed, in the instant case, that the by-law, if any, which existed, at the time of the making of the contract, with reference to whom, a benefit was to be

paid, in the event of the death of one or more of the beneficiaries, in the lifetime of the insured, is not made a part of the record, and neither is the application of the insured. Hence, we are confined to a consideration of the benefit certificate, and the statute laws of the state applicable to such subject, in determining what was the contract between the parties, at the time of its making and the rights of the parties under it, at that time. It is not clear from the terms of the certificate,that the insured agreed, that a by-law might be made, by which his choice of a beneficiary of his certificate might be changed and without his consent, should become a part of his contract, and be binding upon him and the beneficiaries, whom he had selected. The insured agreed in the contract, "to comply with all laws, rules and regulations now governing the said branch or order, or that, may, hereafter, be enacted by the supreme council, to govern said branch or order, all of which are, also, made a part of this contract." It does not seem, that this stipulation could have reference to a by-law, prescribing to whom the benefits of the certificates were to be paid after the death of the deceased, as that, was a matter, with which he had no duty to perform, and was a duty, which the society could, alone, perform. The certificate, also, provides, that the society will pay out of the widows and orphans' benefit fund, to his chidren, Joseph A., Odella and Robert E. Bright, equally, the sum of two thousand dollars, in accordance with, and under the laws, governing said fund, upon satisfactory proof, etc." The by-law, under which appellant claims the entire benefit, limits its payment to certain classes, which do not include heirs of a deceased beneficiary, but, further, provides that, if the law of the state, where the branch resides, is more liberal, as to classes, or subjects to which the benefits may be paid, the laws of the state shall govern the fund in that respect. The law of this state, at the time, the contract was made, was to the effect, that if a named beneficiary should die, during the lifetime of the insured, and the latter, never made any other or further disposition of the fund, that it should go to the heirs of the deceased beneficiary, in the absence of anything in the contract, which provided for a different disposition of it, in such a state of case. The parties contracted, in contemplation of such being the law. The insured evidently, relied upon that being the manner, in which the fund should be disposed of in the event of his death,

as he undertook to dispose of it by will, in accordance with such law, as to its disposition. The question then arises, as to whether the society had the authority to enact a by-law, many years, after the contract was made, changing the beneficiaries, in the certificate, and, thereby, changing the contract, as made. The society might, undoubtedly, make the by-law, but, would it be retrospective in its operation, and affect contracts, which had been made before its adoption? There is nothing about the by-law which was made, in 1916, which indicates, that it was intended to be retrospective, in its operation. Further, although it should be conceded, that the by-law, thus made, would affect the insured, and his rights and duties as a policyholder, in the order, would it affect the rights of the beneficiaries named in the certificate, if any they had?

The holder of a benefit certificate, in a fraternal benefit society, may give it up and release the society from its contract or he may nullify the contract, by failing to be in good standing in the society, and one of the articles of the constitution and by-laws shown in the pleadings, which it may be assumed was in force, when the certificate was granted, provides how, and in what manner, the insured might have changed the beneficiaries named in his certificate by surrendering it, and obtaining a new certificate, with other beneficiaries designated; and that he could thus defeat the claim of a beneficiary named in the first certificate, there is no doubt, but, he never did or attempted to do that. It may be conceded, that the weight of authority, is to the effect, that before the death of the insured, the right of the beneficiary, in a benefit certificate granted by such a society, as the one, under consideration, is merely contingent, and that it, only, becomes vested, upon the death of the insured, and, if the beneficiary named, dies before the insured, his right ceases with his death, and hence, a beneficiary can not, during the life of the insured, complain of an alteration by a society, of its laws. 20 Cyc. 78; 157.

Such has been declared to be the law of this state, by the act of March 22, 1916. Previous to the enactment of that statute, however, and at the time, the contract, in controversy, was made, a different rule, as heretofore stated, prevailed, and the validity of that rule was rested upon the statute laws of this state, which it was said abrogated the general rule, above stated, in a state of case, where the beneficiaries named in the certificate,

died before the death of the insured and the insured, thereafter made no other disposition of the fund to be paid under the certificate, and the contract of insurance contained no provision, providing for a disposition other than the one, provided for, to the named beneficiary or beneficiaries in the event of the death of the beneficiary before the insured's death. In this state of case, the policy was construed to be a testamentary paper, and the fund was adjudged to go, according to the rule applicable to wills, as provided for in section 4841, Ky. Stats. According to such construction, the fund descended to the heirs and distributees of the deceased beneficiary. Buckler v. Supreme Council Catholic Knights, 143 Ky. 618; Hall v. Ayer's Guardian, 32 R. 291; Neal's Admr. v. Shirley's Admr., 137 Ky. 818; Supreme Council, etc. v. Densford, 21 R. 1564; Finn v. E. H. of Columbia Woodmen, 163 Ky. 189; Vaughn's Admr. v. Modern Brotherhood, 149 Ky. 588.

The exact question involved, here, was considered and determined, in Buckler v. Supreme Council, etc., *supra.* In that case, the designated beneficiary died, intestate, and without children surviving, during the life of the insured. The insured never named another beneficiary. After the death of the insured, a contest arose between his heirs, and those of the mother of the beneficiary, over the proper distribution of the fund. At the time the certificate was issued, the by-law of the society provided, that if all the beneficiaries should die in the lifetime of the member, and he should make no other or further disposition of it, it should be paid to the heirs of the insured. Previous to the death of the insured, the by-law had been changed, so as to provide, that in the event of the death of the beneficiary, in the lifetime of the insured, and the insured, should make no other or further disposition of the benefit, it should be paid to the direct heirs of the beneficiary. The court held, that notwithstanding, the alteration of the by-laws, since the making of the contract, and by which the beneficiaries were changed, in the event of the death of the beneficiary, and the failure of the insured to make a further disposition of it, the fund should be paid to the heirs of the insured in accordance with the by-law, in force at the time the policy was issued, and excluded those of the mother of the beneficiary, saying: "The constitution of the company and the laws of Kentucky, in force at the time, the policy was issued, fixed the rights of the par-

ties, and control the disposition of the fund." Construing section 655, Ky. Stats., which has application to insurance rights generally, it has been held in Neal's Admr. v. Shirley's Admr., *supra,* and Hall v. Ayer's Guardian, *supra,* that in a state of case, similar to the facts of this case, and to those appearing in Buckler v. Supreme Council, etc., *supra,* the fund under the policy passed to the heirs and distributees of the deceased beneficiary, and not to the personal representatives of the insured. These opinions and the others, above cited, go to the extent of holding in effect, that under the statute laws of this state, in force at the time, the insurance contract, in controversy, was made, that where the named beneficiary died before the insured, who made no other or further disposition of the fund, and in the absence of any provision of the contract for a different disposition of the fund, in the event of the death of the beneficiary, in the lifetime of the insured, the right of the beneficiary and his heirs to the fund, was in the nature of a vested right, which might be divested by act of the insured in the manner provided by the contract and by-laws, but could not be divested by the action of the insurance company. The beneficiaries, in the instant case, were selected by the insured, as he undoubtedly had the sole right to do. He never changed them, by any act of his. If the interest and rights of the beneficiaries became fixed, by the laws in force and applicable at the time, the contract was made, the society could not divest the right by thereafter altering its by-laws. If it could do so, it could have as well excluded the surviving beneficiary, as the dead ones. Neither could the legislature, by the act of March 22, 1916, divest the vested rights acquired by persons under contracts theretofore made, although it may affect all after-made contracts. The judgment of the circuit court, being in accordance with the views herein expressed, is therefore affirmed, but damages will not be adjudged because of the supersedeas bond, executed.