## 100% AMERICAN LOCAL MUT. LIFE & ACCIDENT ASS'N OF EL PASO et al. v. WORK et ux. (No. 1938.)

(Court of Civil Appeals of Texas. El Paso. Dec. 2, 1926. Rehearing Denied Jan. 6, 1927.)

**1. Insurance ⬡146(3)—Rule that contracts are interpreted most strongly for insured is applicable only to ambiguities, or doubtful or uncertain meanings.**

Rule that insurance contracts are interpreted most strongly against insurer in favor of insured is inapplicable, unless contract is ambiguous, or of doubtful or uncertain meaning.

**2. Insurance ⬡146(1)—Language used in insurance contract should be given fair and reasonable construction.**

Language used in insurance contract should be given fair and reasonable construction, rather than strained, unnatural, or technical interpretation.

**3. Insurance ⬡451(1)—Injury from broken toe held not within indemnity, in case member should "break a leg."**

Where there was nothing in insurance certificate indicating that indemnity, in case member should "break a leg," was used in other than popular sense, which means a broken bone anywhere between ankle and hip, with possible exception of patella, injury from a broken toe was not protected.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Breaking of a Leg.]

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Harry K. Work and wife against the 100% American Local Mutual Life & Accident Association of El Paso, Tex., and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

Goggin, Hunter & Brown, of El Paso, for appellants.

W. M. Peticolas, Jr., and W. R. Smith, both of El Paso, for appellees.

HIGGINS, J. The above-named appellant, an unincorporated mutual insurance association, issued a certificate of insurance to Harry K. Work, naming his wife, Zela L. Work, as beneficiary. One of the provisions of the policy reads:

"In event a member of this association should break an arm, or leg, all members will be assessed $0.25 (twenty-five cents), and the amount payable to such member shall be one-fourth of the full amount of this policy at the time of the above-named accident."

This suit was filed by the beneficiary and her husband against the association and certain of its members, alleging that Harry K. Work "accidentally broke one of his legs, to wit, one of the bones in the lower part of his leg." It was shown that ·a wagon ran over Work's right foot, breaking the bones in the big and second toes.

The trial court, upon the authority of Rogers v. Modern Brotherhood of America, by the Kansas City Court of Appeals, 131 Mo. App. 353, 111 S. W. 518, held the defendants liable and rendered judgment accordingly. In that case it was held that the fracture of the heel bone was protected by an accident policy which insured against breaking the leg. With due deference to that court, we decline to follow its ruling.

[1] Insurance contracts are interpreted most strongly against the insurer, in favor of the insured; but this rule has no application, unless the contract is ambiguous or of doubtful or uncertain meaning. 32 C. J. 1147.

"The words employed in a contract of insurance are to be taken and understood in their plain, ordinary, usual, and popular sense, rather than according to the meaning given them by lexicographers or persons skilled in the niceties of language, unless it appears from the four corners of the instrument that both parties intended they should be understood in a different sense." 32 C. J. 1150.

[2] The language used should be given a fair and reasonable construction, rather than strained, unnatural, or technical interpretation. 32 C. J. 1151.

[3] The contract here sued upon agreed to indemnify in case the member "should break an arm or leg." There is nothing in the contract to indicate the parties intended this language to be used in other than its plain, ordinary and popular sense. As such it means—as to the leg—a broken bone anywhere between the ankle and the hip, with the possible exception of the patella. A broken toe is not a broken leg, as those terms are commonly and universally understood and used. No one would ever think of referring to a broken toe as a broken leg. We therefore hold that the injury of the insured was not protected by the certificate of insurance.

This renders it unnecessary to determine whether the members of the association are personally liable upon the contract.

Chief Justice PELPHREY was disqualified and did not sit in this case.

Reversed and rendered.