## STEPHENVILLE MUT. LIFE INS. ASS'N et al. v. GANT.  (No. 420.)

Court of Civil Appeals of Texas.    Eastland.
May 4, 1928.

Rehearing Denied June 8, 1928.

1. Insurance ⬤⇒527—Number of members of association in good standing determines association's liability under unconditional obligation to pay 50 cents for each member for loss of eye.

Where certificate of mutual insurance association contained an unconditional obligation to pay member upon loss of eye 50 cents for each member in good standing, to determine amount of association's liability, it is only necessary to determine number of members when loss of eye occurred.

2. Insurance ⬤⇒527—Member's right to recover for loss of eye held not affected by fact that association took in members exempted from assessment for loss of eye.

Where certificate of mutual insurance association contained unconditional obligation to pay member upon loss of eye 50 cents for each member in good standing, not exceeding $500, rights of member losing eye are not to be affected by fact that associations deemed it advisable to take in members, granting them exemption from assessment in event of loss of one eye only.

3. Insurance ⬤⇒146(3)—Mutual insurance association's certificate should be construed most strongly against association and its directors.

Language of certificate of mutual insurance association having been adopted by association through its board of directors, certificate should be construed most strongly against association and its directors.

4. Insurance ⬤⇒193(1)—Certificates held to subject members of association to assessment of $1 on death or disability of member.

Where certificates of mutual insurance association contained unconditional promise to pay member on loss of eye sum equivalent to 50 cents for each member in good standing, not exceeding $500, and contained further agreement by each member to pay assessment of $1 as need upon disability of any member, held, that each member was subject to an assessment of $1 upon death or disability of a member.

5. Insurance ⬤⇒192(1)—Members of associations whose certificates exempted them from assessment on loss of eye by member held not liable for such assessment.

Members of mutual insurance association whose certificates in no way obligated them to pay an assessment on loss by member of an eye, and who were not protected against such injuries, held not liable to assessment provided for in certificate of other members on loss of an eye.

6. Insurance ⬤⇒56—Member held entitled to judgment against directors of association individually, where alleged partnership relation was not denied by verified plea (Vernon's Ann. Civ. St. 1925, art. 2010, subd. 6).

Where petition, in action against mutual insurance association by member, charged association and directors as being partners and that directors were personally liable and defendants did not present verified plea of denial of such partnership relation as required by Vernon's Ann. Civ. St. 1925, art. 2010, subd. 6, law determines issue of partnership relation against defendants, and hence plaintiff was entitled to judgment against directors individually.

7. Insurance ⬤⇒646(1)—Directors of mutual insurance association will not be presumed to have created another association with similar name and become connected therewith in violation of statute (Vernon's Ann. Civ. St. 1925, art. 4859).

Where court found that defendant mutual insurance association and one with a similar name were but one and the same association, it will not be presumed that directors of defendant's mutual insurance association created another association with similar name and caused it to become connected with federated or associated with defendant association, in view of Vernon's Ann. Civ. St. 1925, art. 4859, prohibiting it.

8. Insurance ⬤⇒527—Expression "permanent disability," as used in mutual insurance certificate, held to mean loss of eye.

Expression "permanent disability," in mutual insurance association certificate providing that each member becoming permanently disabled by loss of eye shall receive 50 cents for each member in good standing at time of such permanent disability, means loss of an eye.

[Ed. Note.—For other definitions, see Words and Phrases, Permanent Disability.]

Appeal from District Court, Erath County; J. B. Keith, Judge.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Joseph F. Gant against the Stephenville Mutual Life Insurance Association and others. From the judgment, both parties appeal. Reformed and affirmed.

Chandler & Chandler, of Stephenville, for appellants.

R. L. Thompson, of Stephenville, for appellee.

LESLIE, J. This is a suit by Joseph F. Gant against the Stephenville Mutual Life Insurance Association and its directors, J. J. Mulloy, Robert L. Meek, C. O. Blakney, Ben McCollum, and E. T. Chandler, for the sum of $500 and an additional amount not by way of interest eo nomine. The petition charges a partnership liability against the defendants in the operation of a local mutual insurance association. On an instructed verdict judgment was entered for the plaintiff against the Stephenville Mutual Life Insurance Association, sometimes known, as recited in the judgment, as the Stephenville Mutual Life Association, for the sum of $500, and a mandatory injunction was granted, requiring the directors to levy an assessment upon the members of the association against whom an assessment had not been made for the benefit of the plaintiff. The judgment was also in favor of the individual defendants. Plaintiff and defendants appealed. The plaintiff complains of that portion of the judgment denying him recovery against the individual defendants; and the defendants appeal, complaining of that part of the judgment granting the plaintiff a recovery of $500 instead of $205 tendered by them into court, and for granting the mandatory injunction.

[1] The certificate declared upon, as we construe it, is an unconditional obligation of the association to pay to the plaintiff upon the loss of an eye (which occurrence is not denied) "fifty cents for each member in good standing at the time of such loss, not to exceed the sum of $500.00." The obligation in this provision is "additional" to that in the next preceding paragraph of the certificate, wherein "said member agrees to the stipulation herein that this certificate shall only bind the association to pay the beneficiary the sum of one dollar for each member in good standing at the time of the death of said member, not to exceed $1,000.00." Thus the liability of the association to the beneficiary in case of death and its "additional" liability to the holder of the certificate, in case of loss of an eye, is clearly indicated. Hence, to determine the amount of the association's liability, when the loss of an eye is sustained by its member, it is only necessary to determine the number of members in the association when the plaintiff sustained such loss. Waco Mutual Life & Accident Ass'n v. Alford (Tex. Civ. App.) 289 S. W. 96.

In the instant case that number is evidenced by an agreement in the record to the effect that the association contained 1,100 members at the time the plaintiff lost his eye. True it is that the agreement further evidences the fact that 410 members of the Stephenville Mutual Life Insurance Association held certificates indemnifying them in the event of the loss of one eye, and 690 members held certificates which did not indemnify for the loss of one eye. However, the record establishes that without the plaintiff's knowledge or consent, and at a time subsequent to the issuance to him of his certificate of insurance, the association began to take in new members and to issue to them (690 in number) certificates differing from plaintiff's in the manner just indicated. These new members were assigned to Class A, of which the plaintiff was a member, and in so far as assessment for death or the loss of both eyes, no distinction was made by the association or its directors as between the new members and the old.

It is contended that the association issuing the 690 certificates in question was a different association from the original Stephenville Mutual Life Insurance Association. However, the name remained the same in the by-laws, and the new certificates merely dropped the word "Insurance" from the title of the association along with that provision indemnifying for the loss of one eye. There were other changes in the certificate, but they are not material to the disposition of this case. It will also be observed that the association, under said directorate and through its secretary, Robert L. Meek, in communicating with the plaintiff, assured him, by correspondence written upon letterheads containing the names of the defendant directors, that the association had grown to the extent it would have to "spread out" to take care of its business. That the plaintiff's "class is full and running over," indicating clearly to the plaintiff that Class A to which he belonged had more than 1,000 members, that number only being necessary to enable the association to raise by assessment the maximum amount of his insurance in the event of the loss of an eye.

[2] We think the plaintiff's rights are not to be affected by the fact that the association and its directors, for reasons satisfactory to themselves, deemed it advisable to take in the 690 members, granting them exemption from assessment in the event of the loss of one eye only. Under paragraph 2 of the certificate held by the plaintiff, he agreed to pay an assessment of $1 as needed upon the disability of any member of the association, and it is clear (1) that under paragraph 3 of the certificate each member agreed to the stipulation therein "that his certificate shall only bind the association to pay the beneficiary the sum of $1 for each member in good standing at the time of the death of said member, not to exceed the sum of $1,000.00," and (2) that "should the said member become permanently disabled by the loss of one eye he shall receive

the sum of fifty cents for each member in good standing at the time of such permanent disability, additional, not to exceed the sum of $500.00."

[3, 4] No provision is contained in the certificate limiting the amount payable to the plaintiff upon the loss of his eye to such sum as might be collected upon an assessment. The certificate contains the language adopted by the association through its board of directors and should be construed most strongly against it and them. It is susceptible of but one construction, namely: An unconditional promise upon the part of the association by which it did "bind" itself to pay to plaintiff upon the loss of an eye a sum of money equivalent to 50 cents for each member of the association in good standing at the time of such loss, such loss not to exceed $500. This obligation on its part was in no way altered by the fact or circumstance that each member agreed to pay an assessment of $1 as needed "upon * * * the disability of any member of the association." Such assessment was for the benefit, no doubt, of the association, and to enable it to meet its obligations, the amount of which was to be determined in the manner indicated.

This record indicates that all parties regarded the obligation as one in which an assessment of 50 cents only could be made against a member; but to our minds the language used and above quoted establishes an obligation of each member to pay the sum of $1 "upon the death or disability of a member."

[5] From the foregoing we conclude that that portion of the judgment commanding the directors of the association to levy an assessment against the 690 members of the association to whom certificates of insurance had been issued, in which no provision whatever was made for the payment of any sum in the event of the loss of one eye, is erroneous. These 690 members, under the terms of their certificates, were in no way obligated to pay such an assessment, nor do they enjoy any protection whatever of that nature. In their certificates they had protected themselves against such liability. To our minds it is clear that they are under no obligation to pay anything under the assessment decreed by the court. The defendants' assignments to this portion of the judgment are sustained.

[6] The action of the trial court in refusing the plaintiff a judgment against the named defendants individually we believe to be erroneous. This phase of the case is not free from difficulty; but this court, after much consideration, concludes that this appeal should be disposed of upon the following proposition: In the plaintiff's petition he charged the association and the named defendants as being partners in the operation and management of said Stephenville Mutual Life Insurance Association at the time the plaintiff lost his eye, and that they had con-

tinuously operated the same since that date, and that they were personally liable to him in the sum of $500 by reason of the matters alleged. The defendants in their pleadings did not present a verified plea of denial of such partnership relations as required by division 6 of article 2010, Vernon's Annotated Texas Civil Statutes. The law, therefore, determines this issue of partnership relations against the defendants. It follows that, since we construe the contract to evidence an unconditional promise of the association to pay the plaintiff upon the loss of an eye a sum of money equivalent to 50 cents for each member in good standing in the association at the time of such loss, not to exceed the sum of $500, the plaintiff is entitled to a judgment against said association and said defendants, Robert L. Meek, C. O. Blakney, Ben McCollum, E. T. Chandler, and J. J. Mulloy as partners, for the sum of $500, together with costs of suit, and the trial court erred in not rendering such judgment. In this respect the plaintiff's assignments are sustained.

[7] We believe the trial court committed no error in determining that the Stephenville Mutual Life Insurance Association and the Stephenville Mutual Life Association were, in fact, but one and the same association, with a membership of 1,100. The evidence conclusively supports such finding. Further, it is not to be presumed that the directors of this association created the Stephenville Mutual Life Association and caused it to become connected with, federated, or associated with the Stephenville Mutual Life Insurance Association (already in existence) in violation of the plain letter and spirit of the law governing this character of associations, and which provides:

"That such associations are in no manner directly or indirectly connected, federated or associated with any such association and do not directly or indirectly contribute to the expense or support of any other such association, or to the officers, promoters, or managers thereof." Article 4859, Vernon's Annotated Civil Statutes of Texas.

[8] We are further of the opinion that the expression "permanent disability," as used in the policy, means the loss of an eye. Defendants' assignments to the contrary are overruled.

This record and the assignments present a serious question as to the liability of the individual defendants on the ground of estoppel. The statement of the case as contained in this opinion indicates partially the facts and circumstances supporting this possible theory of liability, and none of the defendants appear to have testified, or offered any independent testimony upon the trial other than to introduce the by-laws originally adopted July 13, 1923, by the Stephenville Mutual Life Insurance Association, and the form of certificate issued to the 690 members under the by-laws adopted July 22, 1925. However, the disposi-

tion we make of this case renders it unnecessary to discuss the existence of liability had the partnership relations been denied under oath.

For the reasons assigned the judgment will, therefore, be reformed, denying the plaintiff the right of an assessment against the 690 members, whose certificates do not indemnify for the loss of one eye; and the judgment denying plaintiff a recovery against said defendants is here reversed, and the testimony having been fully developed, judgment will here be rendered in favor of the plaintiff as against said defendants jointly and severally as partners for the sum of $500 with interest at the rate of 6 per cent. from January 10, 1927, together with all costs. The defendants having made an assessment upon the 410 members of the association holding certificates identical in terms with that of the plaintiff, and $205 raised by such assessment having been tendered into court as the amount due plaintiff, it is further ordered that same be and it is hereby applied as a credit upon this judgment for the sum of $500. For the balance and his costs the plaintiff may have his execution.

As reformed, the judgment is affirmed.