## HOME BEN. ASS'N v. BROWN. (No. 768.)

Court of Civil Appeals of Texas. Waco.
March 14, 1929.

Rehearing Denied May 2, 1929.

Oltorf & Oltorf, of Marlin, for appellant.

J. W. Spivey, of Waco, and T. B. Bartlett, of Marlin, for appellee.

BARCUS, J. Appellee held a certificate of insurance with appellant, a local mutual aid life and accident insurance association. The provisions of the certificate of insurance necessary for a determination of this litigation are embraced in subdivisions 3, 4, and 5 thereof. Subdivision 3 provides: "Should any member in good standing in this class, through accident, * * * become totally and permanently disabled * * * the holder hereof agrees to pay $1.10." Paragraph 4 provides for the payment by the association of a $750 benefit to the holder of the policy if he loses an eye, hand, or foot through accident. Paragraph 5 provides: "Should any member in this class, through accident, become totally and permanently disabled from engaging in any gainful occupation * * * the Home Benefit Association agrees to pay the member named herein the sum of $1.00 for each member in good standing in this class, said amount not to exceed $1,500.00; provided that said member claiming said disability benefit shall have been totally disabled and continued to be totally disabled for a period of ninety consecutive days." Appellee was struck by an automobile, which fractured his leg and injured him in other ways. As a result thereof he was totally disabled for more than 90 days. The injury occurred on August 5, 1927. The suit was tried on July 3, 1928.

The cause was tried to the court and resulted in judgment being rendered for appellee for $1,500. The trial court filed his findings of fact and conclusions of law. He found that at the time of trial appellant had recovered from all his injuries, except his leg was still in a very serious condition. He found specifically that appellee was not permanently totally disabled, but that appellee was totally disabled for more than 90 days after the injury occurred. The trial court held that under the terms of paragraph 5 of the policy, appellee was entitled to the full $1,500 because his total disability had lasted for more than 90 days. Appellant contends that said construction is erroneous and that the proper construction to be placed thereon is that appellee was not entitled to recover the $1,500 for total disability unless same amounted to permanent total disability, and that the permanent total disability must have been in existence at least 90 days before the association could be compelled to make payment.

The law is well settled that in all insurance contracts, same will be most strongly construed against the insurance company, and where there is any ambiguity and the insurance contract is capable of two constructions, one allowing and the other denying a recovery, that construction will be given which will allow a recovery. It is a further cardinal rule, in construing insurance contracts, that one must look to the entire contract and be governed by all of its provisions, and if by looking at all of the provisions thereof, a reasonable and just construction can be placed thereon without any ambiguity or uncertainty, same will prevail. 32 C. J. 1148 through 1151; Insurance Ass'n v. Work (Tex. Civ. App.) 289 S. W. 1020; Howard v. Missouri State Life Ins. Co. (Tex. Civ. App.) 289 S. W. 114; Burns v. American National Ins. Co. (Tex. Com. App.) 280 S. W. 762.

The certificate of insurance in this case was issued by a mutual aid association. The reasonable construction to be placed thereon is that the funds to pay the various indemnities therein provided are to be received from the members of said association by assessments made upon the happening of the contingencies named in the certificate which authorize a levy of an assessment upon the members to pay same. It provides for a payment by the members in case of the death of a fellow member, or in case of an accident from which a member loses an eye, hand, or foot, and provides for the payment of an assessment if a member becomes "totally and permanently" disabled. Subdivision 5, the material portions of which are above copied, provides that the association will pay the member, if through accident he becomes "totally and permanently disabled." The proviso contained in said paragraph which reads, "provided that said member claiming said disability benefit shall have been totally disabled and continued to be totally disabled for a period of ninety consecutive days," does not, we think, when the contract is taken as a whole, mean that the holder would be considered totally and permanently disabled if his total disability continued only for a period of 90 days. If this construction, which is the one followed by the trial court, is given said contract, then the word "permanently," where it is provided the holder must be totally and permanently disabled, must be entirely eliminated from the contract. Under the provision of the insurance contract the members do not pay unless a fellow member is totally and permanently disabled. It is a matter of almost common knowledge that when a person suffers an injury from which he loses a foot or arm, he will be totally disabled for a period of more than 90 days, and yet the policy provides only for an indemnity of $750 for said loss. We think the reasonable and just construction to be placed on the insurance contract, taken as a whole, is that

the association is not required to pay for a total and permanent disability unless said disability is total and permanent and the total disability must exist for a period of 90 days before same is payable, thereby giving the association said length of time to determine whether or not the injury received amounts to a permanent total disability.

Appellee by cross-assignment of error complains of the finding of the trial court that he was not totally and permanently disabled from engaging in any kind of work as contemplated under the terms of the insurance certificate. We overrule this assignment. Appellee himself testified that he was able to get around on crutches and stay in his place of business; that he had entirely recovered, except from the injury to his leg; and that he did not know what would be the ultimate result of that injury. The doctor testified that the leg was still in a bad condition and that he was still dressing same and that there was still a drainage of a little pus therefrom. He testified that appellee had recovered from all injuries except the one to the leg, and with reference thereto he further testified: "As to the future condition of his leg and whether he will ever be able to use that leg to advantage, or whether amputation may be necessary from other complications that might come in, I will say that we can't tell yet. * * * At this time I can't say definitely whether he will ever be able to use his leg again or not. I feel as a physician and surgeon that some time, in some way, his leg will be restored to usefulness. Whether the injury will be permanent to the leg or not, I consider it (the leg) in a doubtful condition. The time hasn't sufficiently elapsed for me to state positively whether his leg will ever be useful. It will take further time to determine that." We think the testimony was sufficient to authorize the court to find that the injury suffered by appellee did not result in his being totally and permanently disabled from engaging in any kind of useful work or occupation.

The judgment of the trial court is reversed, and the cause remanded.