## FIDELITY BENEFIT ASS'N v. WYLIE. .
### No. 1079.

Court of Civil Appeals of Texas.   Waco.

July 9, 1931.

Rehearing Denied Sept. 17, 1931.

Collins & Martin and M. S. Wood, all of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

### GALLAGHER, C. J.

Appellee, A. D. Wylie, instituted this suit in the district court against appellant, Fidelity Benefit Association, to recover the sum of $750 on a certificate issued to him by appellant for the loss of an eye. He alleged that appellant was engaged in the business of insuring for a consideration against the loss of life, against certain specific injuries and against the loss of the sight of the eyes; that appellant for a valuable consideration issued and delivered to him the policy or contract of insurance sued upon; that appellant promised therein to pay him the sum of 50 cents collected from each member of the association in good standing, not to exceed $750, for the irrevocable loss of one eye upon satisfactory evidence that vision from such eye was irrevocable or that the loss of such was total; that thereafter he lost the sight of his right eye; that the loss of vision therein was total and permanent; that he made due proof thereof and thereupon became entitled to receive the indemnity so promised. He further alleged that he presented his claim to appellant's secretary and general manager; that upon consideration thereof said secretary and general manager admitted that his contract of insurance bound appellant to pay the promised indemnity whether the loss of his eye resulted from disease or accident, and that such was the proper construction of the language used in such contract; that said secretary and general manager required as proofs of loss certain affidavits; that he procured the same and expended time and incurred expense in doing so; that he complied with all the requirements respecting proof of loss demanded of him and that appellant was by reason of the premises estopped to deny liability for the loss of said eye.

Appellant pleaded that the contract sued upon, properly construed, did not provide for the payment of the promised indemnity for the loss of an eye unless such loss was the direct result of an accident. Appellant further pleaded that at the time of the issuance of the benefit certificate sued upon it was a local mutual aid association, operating as a voluntary association under a constitution and by-laws duly adopted; that thereafter the legislature at its Regular Session in 1929 enacted chapter 274 of the General Laws of said section (Vernon's Ann. Civ. St. arts. 4875a—1 to 4875a—31); that said act regulated local mutual aid associations such as appellant was, and provided rules and regulations for the conduct of their business, and especially provided the kinds of benefits they were permitted to pay; that said act further provided for the acceptance by existing associations of the benefits and terms thereof and that existing associations which did not accept the same should discontinue business and dissolve not later than six months after said act took effect; that appellant, within the time specified, duly accepted said act and qualified itself to transact business thereunder; that said act did not provide for the payment of any such benefit as claimed by appellee; that though said policy was issued and delivered before the passage of said act, same necessarily became a part of such policy; and that the same must be construed so as to conform to the provisions of said act. Appellant also alleged that its said secretary and general manager had no authority to construe the contract sued upon nor to promise to pay appellant's claim.

The case was tried to a jury. The certificate or contract issued to appellee was introduced in evidence as a whole without objection. Paragraphs 8 and 9 thereof, upon which appellee's claim is based, are as follows:

"8th. The said member further agrees to pay all assessments levied by the officers of this Association, as needed the sum of ($.60) Sixty Cents within fifteen days from date of call for same, should any member in this Class, while in good standing in the Association lose the irrevocable loss of one eye, or lose either hand or either foot.

"9th. The Fidelity Benefit Association further agrees to pay to the member named herein the sum of Fifty Cents collected from each member in good standing, in this Class, said amount not to exceed ($750.00) Seven Hundred and Fifty Dollars for the total loss of one hand or one foot through accident, if said hand or foot be severed at or above the wrist or ankle; or for the irrevocable loss of one eye, upon satisfactory evidence that

·vision from such eye is irrevocable or that the loss of such is total. Should more than one .of the above named losses occur as a result of the same accident, then in that case only one such benefit shall be paid."

Appellant testified affirmatively that he did not have any character of accident to his eye before he lost the sight of it, but that such loss resulted from an attack of neuralgia. The testimony with reference to the substance of the conversation between appellee and Sessions, appellant's secretary and general manager, was conflicting. The case was submitted on two special issues, which issues with the answers of the jury thereto were as follows:

"(1) Do you find from· a preponderance of the evidence that the plaintiff, A. D. Wylie, permanently lost the sight of his right eye after May 28, 1928? Answer: Yes.

"(2) Do you find from a preponderance of the evidence that Thos. L. Sessions as agent and representative of the Fidelity Benefit Association, after proofs were filed, agreed to pay to A. D. Wylie the sum stated in the policy for loss of an eye? Answer: Yes."

The court rendered judgment upon said verdict against appellant in favor of appellee for the sum of $750 and costs. Appellant presents the same for review.

Opinion.

■ Appellant presents various assignments in which it contends that paragraph 9 of the contract sued on, as hereinbefore set out, properly construed, binds it to pay the indemnity promised for the irrevocable loss of an eye only when such loss results from accident, and that since the loss of appellee's eye or the sight therein did not result from accident, he showed no right to recover herein. Appellant concedes that when a contract of insurance, considered as a whole, is by reason of confusion or ambiguity, susceptible of two constructions, the one most favorable to the insured will be adopted and enforced. The citation of authorities upon such proposition is therefore unnecessary. Appellant's specific contention is that the contract sued on, in so far as it provides for the payment of indemnity for the loss of an eye, is neither uncertain nor ambiguous nor susceptible of two different constructions, but that the same clearly and definitely provides that such indemnity shall be paid only when an eye or the vision therein is lost as the result of an accident. Paragraph 9 of the contract sued on provides for the payment of an indemnity of $750 "for the total loss of one hand or foot through accident * * * or for the irrevocable loss of one eye." The limiting phrase "through accident" is applied therein to the loss of a hand or foot. It is not applied to the loss of an eye, nor is there anything to in-

dicate that such application must necessarily be implied. The provision in the succeeding sentence that if more than one of the above-named losses occur as the result of the same accident, only one benefit shall be paid, is not conclusive in favor of appellant's contention. If, as contended by appellee, the preceding sentence provides for the payment of the promised indemnity for loss of an eye regardless of the cause of loss, such indemnity would of course become payable upon the loss of an eye by accident. Therefore, if the insured should suffer the loss of both a hand and a foot and also an eye in the same accident, the limitation embodied in said sentence would apply and limit the recovery to a single indemnity. Such application is not necessarily inconsistent with the existence of an obligation on the part of appellant to pay indemnity for the loss of an eye not caused by accident. Contracts of insurance providing for payment of indemnity for the loss of an eye from any cause are not uncommon. Waco Mutual Life & Accident Ass'n v. Alford (Tex. Civ. App.) .289 S. W..93, 95, par. 4; Stephenville Mutual Life Ins. Ass'n v. Gant (Tex. Civ. App.) 7 S.W.(2d) 119, 120, par. 1; Covington v. Sextet Local Mutual Aid Ass'n (Tex. Civ. App.) 8 S.W.(2d) 679, 680; Id. (Tex. Com. App.) 15 S.W.(2d) 614. None of the authorities cited by appellant·directly sustain its contention. The one most nearly applicable is the case of David v. Fort Worth Mutual Benevolent Ass'n (Tex. Civ. App.) 295 S. W. 944. The opinion in that case was written by Mr. Justice Barcus of this court. Recovery was sought in that case for total disability. The contract sued on provided for payment of indemnity in event the insured became permanently and totally disabled from accidental means only, and further provided that such disability must be due to bodily injury or disease. It was agreed that the insured, Mrs. David, was totally and permanently disabled and that such disability was wholly caused by disease and not by accident. We held that she could not recover, but based such holding upon consideration of the assessment clause of the contract, read in connection with the stipulation for the payment of indemnity. The assessment clause bound the members of the society to pay an assessment only when a member became totally and permanently disabled from accidental means. There was no provision requiring any member to pay any sum where another member had become totally and permanently disabled by reason of sickness unaccompanied by accident. Since no provision was made for the creation of a fund to pay indemnity for total disability of a member not arising out of accident, we further held that such payment was not contemplated except in cases of disability from disease where the disabling dis-· ease arose from or out of an accident sustained by the insured. No such reasoning is

applicable in this case, since the assessment clause, being paragraph 8 of the contract as above quoted, provides for the levy of assessments for loss by a member of an eye, hand, or foot, without reference to accident and wholly without qualification or limitation. The opinion in Home Benefit Ass'n v. Brown, 16 S.W.(2d) 834, cited by appellant, was also by this court. The contract of insurance considered in that case provided for the payment of indemnity to a member should he, through accident, become totally and permanently disabled from engaging in any gainful occupation, but further provided that a member claiming such disability should have been totally disabled and continued to be so disabled for a period of ninety consecutive days. The assessment clause in that contract provided for the payment of disability assessments only in the event a member became totally and permanently disabled. The insured in that case was struck by an automobile. As a result of such accident he sustained a broken leg and other injuries. He was totally disabled therefrom for more than ninety days, but his disability was not permanent. We held that the insured, to be entitled to collect the promised indemnity, must have been permanently as well as totally disabled, and that such concurring conditions must have continued for more than ninety days before his claim matured. The several provisions of the insurance contracts considered in the other cases cited by appellant were sufficiently specific to reasonably exclude any contention that they were susceptible of different constructions. We think the contract under consideration in this case was susceptible of the construction that the stipulated indemnity was promised for the loss of an eye regardless of the cause of such loss, as contended by appellee. According to the rule conceded by appellant, we must so construe the same.

Appellant presents an assignment in which it states that after the issuance of the contract of insurance sued on the Legislature enacted said chapter 274, General Laws, Regular Session 1929; that said act prescribes rules and regulations for conducting the business of mutual benefit associations, the kinds of benefits such associations may pay, and provides that existing associations may accept the benefits thereof; that appellant, within the time and in the manner allowed by the terms of said act, accepted the benefits thereof and qualified itself to transact business thereunder. Predicated on such statements it contends therein that all outstanding contracts issued by it, including the contract of appellee, thereby became subject to the terms, provisions, and limitations of said act, and that said act does not provide for nor permit the payment of the benefit or indemnity sued for by appellee herein. Said act provided that any local mutual aid association then doing business might avail itself of the provisions thereof; that any association organized under the provisions thereof should provide for the payment of death benefits only and should not provide for old age benefits nor benefits in case of accidental injuries or sickness; that any association theretofore organized and paying death, old age, and accident benefits might continue to pay the same. Appellant alleged that it had accepted the benefits of said act and had qualified to do business thereunder, but it wholly failed to prove such allegations. The burden was on it to do so. Grand Lodge of Order of Sons of Hermann v. Prater (Tex. Civ. App.) 2 S.W.(2d) 500, 503, par. 1; American Ins. Union v. Wylie (Tex. Civ. App.) 23 S.W.(2d) 491, 494, par. 3; The Maccabees v. Palmore (Tex. Civ. App.) 33 S.W.(2d) 243, 248, par. 6. We do not think that the situation is materially affected by its failure to submit such proof. The express prohibition contained in said act against the payment of other than death benefits applies only to associations organized thereunder. Associations theretofore organized and merely accepting the benefits thereof are expressly permitted to continue to pay death, old age, and accident benefits. The payment of any other benefit for which such association might be legally bound under the terms of an existing contract is not expressly prohibited. Said act will not be construed to prohibit such payment by mere implication. Such attempted construction would give it a retroactive effect and render it void as to such existing contracts on constitutional grounds. Jones v. Loaleen Mutual Benefit Ass'n, 337 Ill. 431, 169 N. E. 254, 257; Crawford v. Northwestern Traveling Men's Ass'n, 226 Ill. 57, 80 N. E. 736, 739, 10 L. R. A. (N. S.) 264; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367, 368, par. 6; Palmer v. Loyal Mystic Legion of America, 86 Neb. 596, 126 N. W. 285, 286; Sage v. Finney, 156 Mo. App. 30, 135 S. W. 996, 999, par. 4; Eminent Household of Columbian Woodmen v. McCray, 156 Ark. 300, 247 S. W. 379, 381, par. 4; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528, 534, par. 10; Christensen v. New York Life Ins. Co., 160 Mo. App. 486, 141 S. W. 6, 8, pars. 2 and 3; Bright v. Supreme Council, Catholic Knights & Ladies of America, 183 Ky. 388, 209 S. W. 379, 382, pars. 4 and 5; Modern Woodmen of America v. White, 70 Colo. 207, 199 P. 965, 17 A. L. R. 393, 397; 19 R. C. L. p. 1207, par. 23; 2 Cooley's Briefs on Insurance, pp. 1105, 1106; 12 C. J., p. 1056, § 699; Id., p. 1057, §§ 702 and 703. Neither said act nor appellant's acceptance of the benefits thereof, if it did accept the same, was effective to absolve appellant from the obligations imposed by the terms of its contract with appellee.

The issues above discussed control the disposition of this case and render consideration of other assignments of error presented by appellant unnecessary.

The judgment of the trial court is affirmed.