EMMA PETERSON, Admx.

*v.*

JAMES W. GIBSON.

*Opinion filed June 19, 1901—Rehearing denied October 10, 1901.*

1. BENEFIT SOCIETIES—*beneficiary does not ordinarily have a vested right to mortuary fund.* In benefit societies authorized to furnish benefits to relatives, "devisees or legatees" of members, a beneficiary named in a certificate has no vested right to the benefit fund, but only an expectancy, which is subject to being defeated by the member's exercise of his power of appointment by will.

2. SAME—*when power of appointment by will is a vested right.* The power of appointment by will, conferred upon a member of a benefit society by its charter, is a vested right, which cannot be taken away by subsequent enactment unless his contract of membership makes his right in that respect subject to future changes in the laws governing the society.

3. SAME—*when member is bound by future by-laws.* It is only when a member in express terms agrees to be bound by such constitutional amendments or by-laws as may thereafter be enacted, that he is bound by subsequent amendments or by-laws which impair the obligations of his contract.

4. SAME—*when member does not agree to be bound by future changes in law.* That the certificate provides that the member shall comply with the constitution and by-laws, which constitution provides that it may be amended, does not constitute an agreement to be bound by future changes in the constitution impairing his contract.

*Nelson* v. *Gibson,* 92 Ill. App. 595, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

M. C. HARPER, and O. C. PETERSON, for appellant.

GEORGE G. BELLOWS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Leander E. Nelson (now deceased) at the time of his death was a member in good standing in the Scandinavian Mutual Aid Association. He was admitted to membership on the eighth day of November, 1886, and on that day received a mortuary benefit certificate issued by the said association, in the sum of $3000, to be paid to Eva Nelson, his mother and appellant Peterson's intestate, she having died during the pendency of this proceeding. The said Leander E. Nelson departed this life March 12, 1897, leaving a last will and testament, which was duly admitted to probate. The will appointed appellee, Gibson, executor, and provided that the provision in the benefit certificate making said Eva Nelson sole beneficiary of the mortuary fund should be revoked, and that such fund should be bequeathed and made payable as follows: $1000 to his mother, said Eva Nelson; one dollar each to Minnie Peterson, Hannah Cederstrom, John Nelson and Gustav Nelson, and the remainder to the appellee, James W. Gibson. Said Eva Nelson, who was then living, asserted a claim to the entire amount of said mortuary fund, and said appellee, Gibson, as legatee under the will of said Leander E. Nelson and as executor thereof, claimed the right to receive all of such mortuary fund above the sum of $1000, in accordance with the will of the deceased assured. Under a bill of interpleader filed by the association these rival claimants were brought into court and required to submit their contentions to the court for determination. The associa-

tion deposited in court the mortuary fund, less $13 allowed it for costs in that behalf, and was dismissed from the proceeding. Upon a hearing the chancellor sustained the right of the assured to dispose of the mortuary fund by will, and the decree was affirmed in the Appellate Court for the First District on appeal. This is a further appeal from the judgment of the Appellate Court.

Section 1 of the act of June 18, 1883, (1 Starr & Cur. Stat. 1885, p. 1348,) under which the Scandinavian Mutual Aid Association was incorporated, authorized the association to furnish life indemnity or pecuniary benefits to certain relatives by consanguinity or affinity and to the "devisees or legatees" of deceased members. This section was in full force and in nowise modified or changed when said Leander E. Nelson received his beneficiary certificate, on the eighth day of November, 1886. Nor had the association, by by-law or otherwise, attempted to place any restriction on the right of any member to appoint by his last will a beneficiary other than the person named in the certificate to receive the mortuary fund. In such associations the beneficiaries do not, as a general rule, acquire a vested right to the mortuary fund, but during the lifetime of the member have a mere expectancy only, subject to be defeated by the exercise of the power of appointment which is vested in the member. (*Martin* v. *Stubbings*, 126 Ill. 387; *Moore* v. *Chicago Guaranty Fund Society*, 178 id. 202; *Bloomington Mutual Benefit Ass.* v. *Blue*, 120 id. 121; *Voigt* v. *Kersten*, 164 id. 314.) The power of appointment thus vested in the assured member may be divested by future changes in the constitution of the association or the organic law under which it was organized, if it was made a part of the contract admitting the assured to membership that his right in this respect should be subject to such future changes in the law governing the association, but otherwise the power of appointment is a vested right and cannot be taken away by any subsequent enactment or change in the laws of

the association. *Voigt* v. *Kersten, supra; Baldwin* v. *Begley,* 185 Ill. 180.

The contention of the appellant is, that the said assured, as a part of the contract admitting him to membership in the association, agreed that he would comply with and be bound by the constitution and by-laws of the association as such constitution and by-laws might or should be amended or changed in the future, and appellant further contends that the constitution and by-laws of the association were subsequently so legally amended and changed as to divest the said member of the right to change the beneficiary by his last will.

The insistence that it was part of the contract that the association reserved to itself power to change and amend the constitution and by-laws, and that the said Leander E. Nelson agreed that power should be so reserved and that he would be bound by the constitution and by-laws as they might be thereafter amended, is based alone upon a clause or provision found in the certificate of membership issued to the said Nelson. The provision in the certificate is as follows: "This certificate is issued upon the condition that the said Leander E. Nelson shall comply with the constitution and by-laws of the association, and that the statements made in the application for this certificate are true." A copy of the constitution and of the by-laws of the association was attached to the certificate of membership and made a part thereof. Section 7 of article 9 of said constitution as it stood at the time said certificate was issued to Nelson was as follows: "The constitution can be amended and changed at the annual meeting of the association by a majority of two-thirds of all the members present." It should here be noted that that which is referred to as the constitution of this association is in no sense the charter of the association. What is here referred to as the constitution is but a code of laws adopted by the association. It was correctly said in *Supreme Lodge* v.

*Knight,* 117 Ind. 489: "A constitution of a voluntary association or a corporation is nothing more than a by-law under an appropriate name."

The clause in the certificate does not purport to bind the member to the observance of constitutional provisions or by-laws other than such as then existed, and a copy of the so-called constitution and by-laws then in force was attached to the certificate as a part thereof. It was the constitution and the by-laws so made a part of the certificate to which the certificate had reference and which the member consented to obey. It is only when a member, in express terms, agrees to be bound by such constitutional amendments or by-laws as may thereafter be enacted that he is bound by future amendments or by-laws which impair the obligations of his contract of membership injuriously. (*Covenant Mutual Life Ass.* v. *Kentner,* 188 Ill. 431; *Baldwin* v. *Begley, supra.*) In the absence of such an express agreement the contract of membership cannot be impaired by subsequent changes effected by the association. The constitutional provision contained in said section 7 of article 9 of the constitution of the association at the time of the admission of said Nelson to membership in the association, to the effect that the constitution could be amended and changed at an annual meeting of the association by a majority of two-thirds of all the members present, cannot be construed to authorize an amendment or change in the constitution which should act retrospectively and impair the obligation of the contract entered into between the association and said Nelson prior to such amendment of the constitution.

As before remarked, that which is called the constitution of the association is but a code of by-laws adopted by the association. The association had inherent power to enact by-laws consistent with the provisions of the enactment under which it was organized and not repugnant to the constitution of the State of Illinois, and to alter

191—24

and amend such by-laws. The by-law incorporated in the code called the constitution, relative to amendments and changes in such code, did not confer upon the association the right or power to make such amendments or changes. The association possessed that power as an attribute of its corporate life. The said section 7 of article 9 of the code of by-laws had no other effect than to declare the mode or manner of exercising the power of amendment possessed by the association, viz., by a majority of two-thirds of all the members present at the annual meeting. If the section had been wholly omitted from the constitution or by-laws the association would have had ample power to pass any lawful amendment of the constitution or by-laws. (Niblack on Benefit Societies, sec. 28, p. 105; 1 Bacon on Benefit Societies,—2d ed. —sec. 9.) The assent of the assured, therefore, did not confer any power on the association which without such assent it had not, nor did it bind the assured to submit to any amendment to which he could not be compelled to submit in the absence of said section 7. His assent was that the association, at any annual meeting, might make any change or amendment lawful to be made, by a majority of two-thirds of all the members present, and cannot be construed as an assent to the adoption of a by-law divesting him of a vested right and impairing the obligation of his contract of membership. Section 14 of article 2 of the constitution of 1870 inhibited the General Assembly from adopting any statute impairing the obligation of such contract of membership. Subsequent enactments of the legislature or future amended by-laws of the association could not operate retrospectively, and thus divest the vested rights of a member or destroy existing contract obligations. In revoking the direction of the certificate as to the person to receive the mortuary benefit, and in appointing others as beneficiaries to receive such fund, said Leander E. Nelson but exercised a legal right of which he was possessed.

A portion of the brief in behalf of appellee is devoted to the criticism of the action of the chancellor in relieving the appellant from the payment of any portion of the cost of the proceeding. The Appellate Court affirmed the action of the chancellor in respect of the order as to costs. The action of the Appellate Court in that respect is not assigned as for error in this court, and for that reason is not subject to review in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*