THE PEOPLE *ex rel.* City of Chicago

*v.*

ERNST HUMMEL, City Treasurer.

*Opinion filed April 17, 1905.*

MUNICIPAL CORPORATIONS—*when funds from a sale of improvement bonds cannot be used to pay outstanding warrants.* An ordinance authorizing the issue and sale of bonds to create a fund for the payment of the city's portion of the cost of making permanent municipal improvements does not, in the absence of an express provision to that effect, authorize the use of the fund to pay outstanding tax anticipation warrants the proceeds of which have been used to pay for permanent municipal improvements constructed prior to the passage of the ordinance.

ORIGINAL petition for *mandamus.*

EDGAR BRONSON TOLMAN, Corporation Counsel, and WILLIAM D. BARGE, for petitioner.

JOHN C. RICHBERG, (RICHBERG & RICHBERG, of counsel,) for respondent.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a petition for a writ of *mandamus,* filed in this court in the name of the People, upon the relation of the city of Chicago, against Ernst Hummel, the treasurer of said city, to coerce him, as such treasurer, to honor the warrant of the mayor and city comptroller of said city bearing date November 23, 1904, directing him to transfer $672,496.45 from the fund derived from the sale of permanent improvement bonds issued by said city pursuant to the terms of an ordinance bearing date July 18, 1904, for the purpose of making permanent municipal improvements in said city, to a special fund, said special fund to be used by the city to take up outstanding interest-bearing tax anticipation warrants, the proceeds derived from which were used prior to the issue and sale of said permanent improvement bonds for the making of permanent municipal improvements in said city. A demurrer was interposed to the petition, and it is contended by the respondent that he should not be required to honor such warrant and make such transfer, as he urges the fund arising from the sale of said permanent improvement bonds now in his hands as city treasurer can lawfully be used only for the purpose of paying for permanent municipal improvements made by the city subsequent to the issue of said permanent improvement bonds, and that to require him to honor said warrant and transfer said permanent improvement fund, or any part thereof, to a special fund, with which to redeem said tax anticipation warrants, would be a wrongful diversion of said fund, although the fund received by the city upon said tax anticipation warrants was used by the city with which to pay for permanent municipal improvements made by the city.

We are of the opinion the contention of the respondent is sound, and that the fund in his hands derived from the sale of said permanent improvement bonds can only be used by the city to pay for permanent municipal improvements made subsequent to July 18, 1904, the date of the ordinance authorizing the issuing of said permanent improvement bonds. Sections 1 and 5 of the ordinance of July 18, 1904, which are the only sections of the ordinance which bear upon the subject of the use to be made of the fund derived from the sale of said permanent improvement bonds, read as follows:

"Sec. 1. That for the purpose of providing funds for making permanent municipal improvements in the city of Chicago, Illinois, and paying that portion of the cost of public local improvements therein for which said city, as a whole, is chargeable, there shall be borrowed on the credit of said city the sum of five million dollars, ($5,000,000,) and to evidence such loan there is hereby ordered issued the negotiable interest-bearing bonds of said city to said amount.

"Sec. 5. That said bonds shall be delivered by the city comptroller of said city to the purchaser or purchasers of the same, and the proceeds derived therefrom shall be used solely for the purpose of making permanent municipal improvements in said city and paying that portion of the cost of public local improvements therein for which said city, as a whole, is chargeable."

We think it clear a careful examination of those sections of the ordinance will lead to the conclusion that it was the intention of the city council that the fund derived from the sale of said permanent improvement bonds should be used only to pay for permanent municipal improvements to be constructed thereafter by said city, and that it was not the object of the city council, by the passage of said ordinance, to raise a fund from the sale of permanent improvement bonds with which to pay the debts of the city which were then represented by tax anticipation warrants, although the fund derived from the tax anticipation warrants may have

before the passage of the ordinance of July 18, 1904, gone into permanent municipal improvements. If, however, upon the face of the ordinance the question was left in doubt whether the fund derived from the sale of said improvement bonds might lawfully be used in payment of the debts of the city represented by said tax anticipation warrants, we think the doubt should be resolved against the city's right to use the fund derived from the sale of said improvement bonds in payment of said tax anticipation warrants, and it should be held that the city had the right only to use said fund in paying for improvements made subsequent to the passage of the ordinance, as to hold that the city had the right to use the fund derived from the sale of said permanent improvement bonds to pay for improvements made prior to the passage of said ordinance would be to give said ordinance a retroactive effect, while under a well settled canon of construction said ordinance should be given only a prospective effect. It is held in this State that the rules for the construction of an ordinance are the same as those applied to the construction of a statute. (*Stanton* v. *City of Chicago,* 154 Ill. 23; *Illinois Central Railroad Co.* v. *City of Chicago,* 169 id. 329.) And it has been repeatedly held in this State that a statute will be presumed to operate prospectively, only, and will not be construed to have a retroactive operation unless the language employed is so clear that it will admit of no other construction. *Bauer Grocer Co.* v. *Zelle,* 172 Ill. 407; *Rock Island Nat. Bank* v. *Thompson,* 173 id. 593; *Richardson* v. *United States Mortgage and Trust Co.* 194 id. 259.

We are of the opinion the fund derived from the sale of said permanent improvement bonds can be used by the city only to pay for permanent municipal improvements which are constructed subsequent to the passage of the ordinance of July 18, 1904.

The demurrer to the petition will therefore be sustained and the writ of *mandamus* denied.

*Writ denied.*