THE PEOPLE *ex rel.* Fred Plotke, Appellant, *vs.* ELTON W. LOWER *et al.* Appellees.

*Opinion filed December 15, 1908.*

1. STATUTES—*statutes will ordinarily be given prospective effect, only.* A statute should be given prospective effect, only, and will not be construed to have a retroactive operation unless the language is so clear that it will admit of no other construction.

2. CIVIL SERVICE—*head of department created after adoption of civil service is not within the classified service.* Section 11 of the Civil Service act, providing that the heads of each principal department of city government shall not be included in the classified service, includes the heads of principal departments created by ordinance after a city has adopted the provisions of the Civil Service act as well as to those which were in existence when the act went into effect in the city.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

FRED PLOTKE, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, CLYDE L. DAY, and EMIL C. WETTEN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

A petition was filed in the name of the People, upon the relation of Fred Plotke, in the superior court of Cook county, for a writ of *mandamus* to compel the appellees, as civil service commissioners of the city of Chicago, to advertise and hold a civil service examination for the position of chief smoke inspector for the city of Chicago. The appellees interposed a general demurrer to the petition, which was sustained, and the appellant having elected to stand by his petition, the superior court entered a judgment dismissing the petition, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It appears from the petition that on July 8, 1907, the city council of the city of Chicago, by a vote of two-thirds of all the aldermen elected, passed an ordinance creating a principal department of the city government of the city of Chicago for the inspection and abatement of smoke and providing for the appointment of a chief smoke inspector as the head of said department; that in pursuance of the provisions contained in said ordinance, the mayor, by and with the concurrence of the city council, appointed Paul P. Bird chief smoke inspector of the city of Chicago. Appellant contends that the position of chief smoke inspector of the city of Chicago falls within the classified service provided for in the City Civil Service act, which is in force in the city of Chicago, while the appellee claims it does not, and that is the only question for decision on this appeal.

Section 11 of "An act to regulate the civil service of cities," in force March 20, 1895, (Hurd's Stat. 1905, p.

393,) provides in express terms that the head of each principal department of the city government in cities where said act is in force shall not be included in the classified service under the City Civil Service act, and paragraph 73 of the City and Village act (Hurd's Stat. 1905, p. 305,) provides that the city council in cities may, from time to time, by ordinance passed by a vote of two-thirds of all the aldermen elected, provide for the election by the legal voters of the city, or the appointment by the mayor with the approval of the city council, of a city collector, a city marshal, a city superintendent of streets, a corporation counsel, a city comptroller, or any or either of them, and such other officers as may by said council be deemed necessary or expedient.

The appellant urges, however, that the City Civil Service act should be given a retroactive operation, and should be held to apply only to the heads of such principal departments of the city government of the city of Chicago as were in existence at the time the act went into effect in said city, and as the office of chief smoke inspector was created subsequent to March 20, 1895, the classified service under the City Civil Service act should be held to include such office. We do not think this contention can be sustained. To so hold would be to hold that the heads of some of the principal departments of government in the city of Chicago, such as chief of police, fire marshal, commissioner of health, commissioner of public works, commissioner of buildings, corporation counsel, etc., were not under the classified service created by the City Civil Service act, while all other heads of the principal departments of government in the city which might be created by the city council under the provisions of the City and Village act subsequent to March 20, 1895, were under said City Civil Service act. The general rule to be applied in the construction of statutes is that a statute should be given a prospective rather than a retroactive operation, unless there is language found in the

statute which is so clear that it will admit of no other than a retroactive construction. In the case of *People* v. *Hummel,* 215 Ill. 43, on page 46, it was said: "It has been repeatedly held in this State that a statute will be presumed to operate prospectively, only, and will not be construed to have a retroactive operation unless the language employed is so clear that it will admit of no other construction.— *Bauer Grocer Co.* v. *Zelle,* 172 Ill. 407; *Rock Island Nat. Bank* v. *Thompson,* 173 id. 593; *Richardson* v. *United States Mortgage and Trust Co.* 194 id. 259."

The appellant relies upon the case of *People* v. *Kipley,* 171 Ill. 44, as sustaining his position. An examination of that case will show that it is not like the case at bar. It was there held that the classified service created by the City Civil Service act did not include the heads of the principal departments of the government of a city where it was in force, but did apply to all city officers of a lower grade than that of the heads of the principal departments of the city government unless they were expressly exempted by section 11 of the City Civil Service act, and that the city council did not have the power to exempt an office of such inferior grade, by ordinance, from the operation of said City Civil Service act. The question here raised, however, was not there before the court and is not there discussed or decided. The office of chief smoke inspector having been created by the city council and being a head of one of the principal departments of the city government of the city of Chicago is not included in the classified service or subject to the provisions of the City Civil Service act, and said office was properly filled by the mayor with the concurrence of the city council, and the demurrer to the petition was therefore, we think, properly sustained and the petition dismissed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*