(No. 19813.—)

SUSAN A. JONES, Appellee, *vs.* THE LOALEEN MUTUAL
BENEFIT ASSOCIATION, Appellant.

*Opinion filed December 20, 1929.*

SMITH & SMITH, and HAL G. GALLIMORE, for appellant.

WHITE & QUINDRY, for appellee.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

This is an appeal, on a certificate of importance, from the judgment of the Appellate Court for the Fourth District affirming a judgment of the county court of Williamson county against appellant, the Loaleen Mutual Benefit Association, in a trial without a jury at the March term, 1929. Appellee, Susan A. Jones, brought suit against appellant on membership certificate No. 2562, issued to Samuel C. Jones on May 25, 1926, for the sum of $1000, in which certificate appellee was named beneficiary.

The declaration of appellee contains the common counts and one special count. Substantially, the special count alleges the defendant, the Loaleen Mutual Benefit Association, a corporation, on May 25, 1926, made and executed its membership certificate to Samuel C. Jones, wherein the defendant promised and agreed to pay appellee, who is the wife of Jones, upon his death, the sum of $1000 upon the terms and conditions in said membership certificate contained; that the certificate contained the condition that should one full contribution amount to less than $1000 or benefit to be paid, then there should be paid only a *pro rata* of the sum so realized from a contribution of one dollar per member; that Jones died February 12, 1928, at the age of sixty-two years; that proof of death was duly made, and that Jones performed all the terms and conditions of the certificate of membership; that on the first day of August, 1927, the Loaleen Mutual Benefit Association re-incorporated under the same name, and that under the articles of re-incorporation it transferred all of its assets to the re-incorporated company, which likewise as-

sumed all of the liabilities of the old company, and that the members of the old company *ipso facto* became members of the new company; that by means thereof the new company became liable in the sum of $1000. General and special demurrers were overruled by the court. Appellant then pleaded the general issue and a plea of *ultra vires*, together with other special pleas. Demurrers to all special pleas were sustained by the court. It was then stipulated that the defendant might introduce any and all evidence in defense of the case that might be legal and proper under any special plea, under its plea of general issue verified.

The Loaleen Mutual Benefit Association was incorporated under "An act concerning corporations," approved April 18, 1872, as a corporation not for pecuniary profit. Under this act it was provided, among other things, that associations so organized with the intention of benefiting widows, orphans, etc., where no annual dues or premiums are required and where the members shall receive no profit, shall not be deemed insurance companies. On May 25, 1926, the Loaleen Mutual Benefit Association, pursuant to this act, issued its certificate of membership No. 2562, certifying that Samuel C. Jones was a member of said association, and upon satisfactory proof of death the association would pay appellee $1000, provided, among other things, "that should one full contribution amount to less than $1000 or benefit to be paid, then there shall be paid only a *pro rata* of said sum as realized from a contribution of one dollar per member." The certificate makes no reference to any by-laws of the association. Jones paid his regular assessments until the date of his death.

In 1927 the legislature, as stated by appellant, "recognizing the abuses under the existing law permitting the incorporation of associations for the purpose of benefiting the widows, heirs, etc., without any regular payments of dues or assessments," passed two laws. The first was en-

titled, "An act to amend sections 29 and 31 of 'An act concerning corporations,'" approved April 18, 1872. (Laws of 1927, p. 366.) Section 29 provides how such associations or corporations may be formed. Section 31 provides, among other things, that "associations and societies which are intended to benefit any person or persons or widows, orphans, heirs and devisees of deceased members thereof, and members who have received a permanent disability, and where no annual dues or premiums are required, and where the members shall receive no money as profit or otherwise, except for permanent disability, heretofore incorporated under the provisions of this act, shall not, after this act becomes effective, engage in such business other than that they may retain their corporate existence for six months for the sole purpose of winding up their business or reincorporating under some act, the enforcement of which comes within the jurisdiction of the Department of Trade and Commerce of this State." On the same date the legislature passed House Bill No. 419, which provided, among other things, that mutual benefit associations could be formed under the act, but that the maximum amount of benefits to be paid under a certificate to be issued by such an association should not exceed $800 for members between the ages of 56 and 65 years; that such association should issue certificates of membership specifying the sum of money which the association would pay upon death, and that the association would be obligated to pay the beneficiary or member, as the case may be, the amount specified in the certificate not later than three months after the date due, but that "in no case shall the association be liable on any one certificate for an amount greater than one dollar per member in good standing," and that "any existing domestic corporation transacting business under an act entitled 'An act concerning corporations,' approved April 18, 1872, as a corporation not for pecuniary profit, for the purpose of benefiting the widows, orphans, heirs and devisees of de-

ceased members thereof, \* \* \* and where the member shall receive no money as profit; \* \* \* and all associations engaged in the business of insurance of lives of its members and not subject to any other of the insurance laws of this State, shall re-incorporate under its existing corporate name, or a corporate name selected for that purpose in accordance with this act under the provisions of this act upon filing with the Director of Trade and Commerce, a declaration of its desire to do so, signed and duly acknowledged by a majority of the board of directors, \* \* \* together with a certificate of association as required of associations proposing to organize under the provisions of this act." (Laws of 1927, sec. 15, p. 587.)

Pursuant to the above acts of the legislature the Loaleen Mutual Benefit Association re-incorporated and was issued a certificate on November 18, 1927, retaining the same name. For descriptive purposes we will designate this re-incorporated association as "the new association." The charter of the new association contains the following provisions: "All assets of the existing corporation herein referred to as the corporation, shall be transferred to the re-incorporated association herein referred to as the association, and the association shall assume all the liabilities of the association, likewise all of the members of the corporation shall *ipso facto* become members of the association, and the association shall issue to each member a certificate of membership, the purpose of the provisions of this section being to effect the continuation of the corporation in so far as is possible." The charter also provides that all persons becoming members between the ages of 51 and 66 years, inclusive, shall be paid a maximum of $500. The officers of the old corporation became officers of the new association. It appears from the record in this case that after the organization of the new association it continued to levy and collect assessments from Samuel C. Jones on the original certificate, No. 2562. The record further indicates a new

certificate for $500 was issued to Jones, dated January 1, 1928, but that the same was not delivered until after the date of his death.

It is first contended by appellant that it was error on the part of the trial court to allow the benefit certificate to be read in evidence for the reason that the declaration alleges a promise to pay a specific and definite sum, while the certificate presented and read in evidence contained on its face a condition limiting payment to a sum not in excess of one dollar per member, and that, inasmuch as there was no proof that any contributions had been received by appellant for the benefit of appellee, nor any proof that a call for contributions had been made tending to show how much would be contributed if a call had been made, there is a variance between the allegations contained in the declaration and the proof; that the burden rested upon appellee to allege and prove appellant had received the contributions to the amount alleged in the declaration; that the certificate is not an unconditional promise to pay $1000 but is a promise to pay one dollar per member for those who make a contribution of that amount, and if the sum received upon such a contribution is less than $1000 appellee shall only receive a *pro rata* amount based upon the contributions actually made. Appellant by its argument would impose upon appellee, in case sufficient contributions had not been made, the duty of going into a court of equity for the purpose of compelling the officers of the association to collect sufficient contributions to pay the amount. We can not subscribe to this theory. If the necessary contributions had not been or could not be collected, this, in our judgment, was an affirmative defense which should have been pleaded by appellant. The knowledge of such facts was peculiarly within the possession of appellant, and until it had pleaded such an affirmative defense we are of the opinion that it was fair to assume that the amounts had been collected and were available for the payment of the

certificate. The case of *Covenant Mutual Life Ass'n* v. *Kentner,* 188 Ill. 431, announces the rule that in a suit on a benefit certificate providing for the payment of the amount thereof if an assessment would yield that much, the damages are presumed to be the full amount of the certificate, in the absence of evidence that they are less because an assessment would not realize the full amount.

It is next contended by the appellant that the act of 1927 amending sections 29 and 31 forced the old Loaleen association to suspend business on July 1, 1927, and that it could exist only six months thereafter for the purpose of winding up its affairs. We think it unnecessary to discuss this particular point for the reason that the re-incorporated company assumed the obligations of the old association, and the question as to whether the old association must wind up its affairs within the six-months' period is therefore immaterial. Any possible determination of the question would not aid the court in arriving at a solution of the problems presented in this case.

It is also contended that the old association would not be liable on any of its certificates where the liability occurred after July 1, 1927. This is a rather forced interpretation of the statute and is not justified by its language. If the statute plainly stated that which appellant implies, it would violate section 14 of article 2 of the constitution of 1870, which inhibits the General Assembly from adopting any statute impairing the obligation of contracts. The certificate of membership issued to Samuel C. Jones by the old association in 1926 was a contract or agreement to pay a sum of money at the time of his death, provided he paid the assessments as they became due. Under the terms of this contract the association had no right to cancel the contract. Neither did the legislature have the right to interfere with the contract made between the certificate holder and the certificate issuer. It is a well recognized rule of

law in this State that subsequent enactments of the legislature cannot operate retrospectively, and thus divest the vested rights of a member or destroy existing contractual obligations. (*Peterson* v. *Gibson,* 191 Ill. 365.) It has repeatedly been held in this State that the charter granted a corporation is a contract between such corporation or association and the State and that the legislature cannot enact legislation which will impair that charter. (*Ruggles* v. *People,* 91 Ill. 256.) Neither the old association nor the legislature could take any action which would impair the contract of the certificate holder unless such certificate holder consented to such change, and there is nothing in this record to indicate that the certificate holder consented to a modification of his rights or the reduction of the amount due under the certificate of membership. The new corporation having elected by its charter of re-incorporation to take over the assets and assume the liabilities of the old association, therefore became primarily liable on the original certificate. We do not undertake to say what the result would have been if the new corporation had refused to assume the obligations of the old association.

It appears from the charter of the new association that it took over all of the assets of the old association and assumed all of its liabilities. The appellant states that in its judgment this assumption of liabilities was inserted in the charter by the director of the Department of Trade and Commerce without authority of law, but we find nothing in the record to sustain this statement. Nor do we find anything in the record to indicate that the statement as to assumption of assets and liabilities was not made freely and voluntarily for the purpose of re-incorporation. On the contrary, it appears that the new association regarded the old certificate as being in force and levied at least two assessments upon it. We think this fact, alone, negatives the assertion of counsel that this clause was forced upon appellant by the director of the department.

Appellant argues that because the act of 1927 limits the amount of benefits of any certificate issued by the new association it would be a violation of that act to force appellant to pay more than the act permitted. The essential fallacy of this argument is that it assumes that the certificate sued on is governed by the act of 1927. Such is not the case. As we have heretofore stated, the certificate constituted a valid and binding contract between Samuel C. Jones and the old association at the time of its issuance and at the date of the re-incorporation it constituted a valid contingent liability of the old association. As such it was assumed by the new association, and was not, and could not be, affected by the act of 1927. The limits as to amount contained in that act were intended to apply only to certificates issued by associations chartered under the act and were not intended to vitiate any contract rights theretofore existing. It is a well settled rule of statutory construction that a statute will not be given a retroactive effect unless the language is so clear as to admit of no other construction. (*People* v. *Lower,* 236 Ill. 608.) In the act in question there is nothing to indicate that the act was intended to act retroactively or that it was intended in any way to affect existing contract rights and obligations. That the act could not affect any existing contracts is elementary and needs no citation of authority. The certificate sued on constituted a valid contingent liability of the old association which was assumed by the new, and appellant was liable thereon.

It is next urged by appellant that the act of 1927 was a valid exercise of the police power of the State. It follows from what we have before said that in so far as the act of 1927 attempted to vitiate any contract rights existing at the time of its enactment it was not a valid exercise of the police power. The police power, although far-reaching, is not without restrictions, and vested rights will not be per-

mitted to be arbitrarily invaded under the guise of the exercise of this power. *People* v. *Weiner*, 271 Ill. 74.

The seventh, and last, point argued by appellant in its original brief is, that it had no power or authority to insert in its charter the clause making all members of the old association members of the appellant association. This argument assumes that the act of 1927 prohibits associations re-incorporated thereunder from allowing members of the old associations automatically to become members of the new. We find no such prohibition in the act, and we cannot accede to the proposition that such prohibition is implied by its provisions. Indeed, if the act of 1927 had attempted to prohibit the new association from adhering to the contract obligations theretofore incurred by the old association, such prohibition would be invalid as impairing the obligation of contract. The new association could, and did, assume the liabilities of the old and was bound by the contract entered into between the old association and Jones. Furthermore, although the new association is in law a separate legal entity from the old, it is in effect a re-incorporation of the old association. It was re-incorporated by the same officers, for the same purposes. Its charter provided that all assets of the existing corporation should be transferred to the re-incorporated association, and further provided that "the purpose of the provisions of this section being to effect the continuation of the organization in so far as is possible." We agree with the statement of the Appellate Court in this connection, that "the legislature intended that if an existing corporation under the act of 1872 desired to be re-incorporated under the act of 1927 it might do so, and having re-incorporated, its liability under existing insurance contracts should continue, but that as to all new business the policies issued should be in accordance with the limited liability fixed by the act of 1927." The insertion of the clause in question in the charter was not *ultra vires*.

It is also argued that the new association did, in fact, issue a new certificate to Samuel C. Jones under date of January 1, 1928, for the sum of $500, and that appellee should have sued on that certificate. It appears from the record that the new certificate was not delivered until after the death of Jones, and this contention is therefore without merit. But even if the new certificate had been delivered to Jones in his lifetime he would not have been bound to accept it in lieu of the old certificate. Appellant could not alter the terms of its contract with Jones without his consent. Since his consent to the substitution was not given, the suit was properly brought on the old certificate.

Appellant in its reply brief calls attention to the fact that the certificate sued on does not provide for the levy of any assessments but only provides for voluntary contributions, and it devotes a considerable portion of its argument to an attempt to distinguish the two words. Conceding that for ordinary purposes the words have different meanings, we think as the word "contribution" is used in this certificate it had the same meaning as the word "assessment." That the so-called contributions were regarded as assessments by the officers of appellant is shown by their testimony on the trial of this cause. In fact, counsel for appellant use the words interchangeably in the original brief. By whatever name it is called, the fact is that the amount of the contribution or assessment had to be paid by the members to prevent the loss of their rights under their certificates. The failure of any member to pay, when properly notified, would have effected a cancellation of his certificate. The effect would be the same regardless of what word was used. The result of a failure to pay makes it, in fact, an assessment, regardless of the name given it in the certificate.

We find no reversible error in the record, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*