Truman Johnson, Appellee, v. Mutual Trust Life
Insurance Company, Appellant.

Gen. No. 8,587.

Opinion filed February 23, 1933.

RAYMOND OLSON, for appellant.

HINCHCLIFF, MILLER & THOMAS, for appellee;
CHARLES A. THOMAS, of counsel.

Mr. Justice Baldwin delivered the opinion of the court.

This is an appeal from the circuit court of Winnebago county seeking to reverse a judgment against the Mutual Trust Life Insurance Company, a corporation, hereinafter designated as appellant, in favor of Truman Johnson, hereinafter designated as appellee.

The suit was brought upon an ordinary life insurance policy in the sum of $10,000 issued by the appellant to which is attached as a part thereof a supplementary contract. The pertinent conditions of this supplementary contract, those having a direct bearing upon the issues in this case, among other things, are:

"Benefits in the Event of Total and Permanent Disability Before Age 60

"When Such Benefits Take Effect. If the Insured, before attaining the age of sixty years and provided all past due premiums have been duly paid and this policy is then in full force and effect, becomes totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, and shall furnish due proof thereof to the Company at its home office, the Company, upon receipt and approval of such proof, will grant the following benefits:

"1. Waiver of Premium. The Company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the Company must be paid in accordance with the terms of the policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof.

"2. INCOME TO INSURED. The Company will, during the lifetime of the Insured and the continuance of such disability, pay the Insured a monthly income at the rate of $10.00 for each $1,000 of the face amount of this policy (but not including dividend additions), the first such monthly payment being due on receipt of said due proof and subsequent payments on the first day of each calendar month thereafter. No income payments, however, will be made prior to approval of such proof by the Company as satisfactory, but upon such approval, whatever income payments shall have become due after due proof will then be paid and subsequent payments will be made when due.

". . . RECOVERY FROM DISABILITY. Although the proof of total and permanent disability may have been accepted by the Company as satisfactory, the Insured shall at any time thereafter, and from time to time, but not oftener than once a year, on demand, furnish to the Company, due proof of the continuance of such disability, and if the Insured shall fail to furnish such proof, or if it shall appear to the Company, except in the case of the specified disabilities mentioned below, that the Insured is able to perform any work or follow any occupation whatever for compensation, gain or profit, no further premium shall be waived and no further income shall be paid."

Suit was commenced on March 30, 1932, for the disability benefits in the sum of $100 a month accruing to the date of suit and on the trial appellee testified that he was born December 2, 1883; that he was the person named in the policy; that all premiums had been paid; that since the policy became effective he became afflicted with tuberculosis and that on December 28, 1931, notified the appellant of the fact that he had contracted or developed pulmonary tuberculosis and that by reason thereof he was and would continue to be totally, permanently, continuously and wholly prevented from performing any work for compensa-

tion and from following any gainful occupation and claimed benefits under the provisions of the policy above referred to.

To the contention of the appellant, that, by reason of the condition of appellee, he was not totally and permanently disabled by bodily injuries or disease and was permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit and from following any gainful occupation evidence was offered as to the condition of appellee. This evidence is in the record, and it will not be necessary to set it out here, but it was testimony bearing upon the case of appellee, to the effect that he was totally and permanently disabled by disease, etc. The jury evidently so found by reason of the finding they made.

The cause was tried by jury in such court and verdict for $400 was awarded plaintiff. Judgment was entered upon such verdict.

The evidence in this case is not voluminous and consists largely of expert medical testimony. Although there are several assignments of error in this case, the real controversy is whether the plaintiff is totally and permanently disabled within the meaning of the policy above referred to.

It is urged by the appellant that the appellee cannot recover unless he has established that he will be disabled the remainder of his life.

If that was the intention of the insurance company in entering into the contract of insurance, then it would be very difficult to determine whether or not appellee was permanently disabled, in view of the terms and conditions of the policy, until after his death.

This contention cannot be sustained because the provisions of the policy—which is the contract between the parties—makes no such requirement. Under the paragraph ''Waiver of premium'' it is provided

that *"the company will, during the continuance of the disability, waive payment,"* etc.

Under the paragraph "Income to Insured" it is provided that *"the company will, during . . . the continuance of such disability, pay"* etc.

Under the paragraph "Recovery from Disability" it is provided that *"although the proof of total and permanent disability may have been accepted by the company as satisfactory . . . and if it shall appear . . . that the insured is able to perform work, etc., . . . no further premium will be waived or income paid."*

These provisions clearly demonstrate that the contention now made by the complainant is not in harmony with nor contemplated by the provisions of the contract. It clearly indicates that the parties intended by this contract that whenever it should appear that the plaintiff was totally disabled and that such disability would, so far as it was possible to ascertain at the time, be permanent, the insured should receive the income and have the premiums waived as provided in his policy, from the time such fact is determined until the insured recovered or died. No other reasonable construction can be given the provisions of the policy in this case, and we are unable to see how any other contention could be raised, and how the appellant company could have had any intention other than to pay the income other than the fact that if at any other period the insured became totally and permanently disabled as defined in the terms of the contract that he should receive pay for the time that he was so totally and permanently disabled. If that was not the intention, why was it put in the policy as a part of the contract of insurance that the company could at any time have the insured examined to ascertain whether or not he was disabled totally and permanently from engaging in any gainful occupation?

It appears to us that this case was tried upon the theory as above indicated. That being true, when the testimony discloses that appellee was permanently and totally disabled for a time and during the time that the witnesses referred to and if he was, then he should receive the benefits of the insurance for which he had paid. The weight of the evidence sustains the contention of appellee that he was at the particular time mentioned, and the period covered by the witnesses, in such a condition as to bring him within the terms of the policy. The jury evidently believed and we think they had a right to believe, that, for at least the period of time covered by the evidence, he had brought himself within the terms and conditions of the policy.

Whether the plaintiff was totally and permanently disabled within the meaning of the contract, as we have construed it, is a question of fact to be answered by the jury from a consideration of the testimony produced in this case.

The courts of this State have frequently held that where there is even a conflict in the testimony, appeal courts will not ordinarily disturb the verdict of the jury, unless the verdict should appear to be manifestly against the weight of the evidence. (*Tolman v. Race,* 36 Ill. 472, 477; *Halty v. Markel,* 44 Ill. 225; *Chicago City Ry. Co. v. Bohnow,* 108 Ill. App. 346; *Shevalier v. Seager,* 121 Ill. 564; *Bradley v. Palmer,* 193 Ill. 15, 88.) As we view it the verdict herein is not against the weight of the evidence. We regard the law as announced herein applicable to and decisive of this case.

The judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*