## William S. Wallace, Appellee, v. Commercial Life Insurance Company, Appellant.

Opinion filed May 29, 1933.

D. L. Duty, for appellant.

Stone & Fowler and Hal G. Gallimore, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

William S. Wallace, appellee, brought an action of assumpsit against the Commercial Life Insurance Company, appellant, in the county court of Williamson

county. The case went to trial on a declaration consisting of three special counts and the common counts. The first two special counts alleged the consolidation of the International Mutual Union with appellant and the third special count set up the contract between the two companies, averring that appellant thereby became liable on the contracts of International Mutual Union, including the contract sued upon. All special counts alleged the sale and transfer of all of the assets of International Mutual Union, together with all benefit certificates then in force, to appellant. Appellant pleaded the general issue. The cause was tried before the court without a jury. The court found the issues for appellee and entered judgment in his favor for the sum of $1,000. The appeal comes to this court from that judgment.

The International Mutual Union was a mutual benefit association, organized under the laws of Illinois, and on November 22, 1927, issued its certificate of membership No. 2,054 in the sum of $1,000 to Lena M. Wallace, with appellee, her husband, designated as beneficiary therein. All dues and assessments were paid to International Mutual Union up to and including the month of December, 1930. On December 31, 1930, appellant entered into what was termed a re-insurance agreement with International Mutual Union, whereby the said Commercial Life Insurance Company agreed to reinsure all certificates of membership of International Mutual Union that were in full force and good standing, subject however to the limitations, restrictions, conditions and provisions contained in the reinsurance agreement.

On January 2, 1931, appellant mailed a letter to Lena M. Wallace, in which was inclosed a "rider of assumption" and in this instrument it was stated that appellant "has assumed, as its own contracts, the certificates of membership of International Mutual

Union, agreeing with the holders of said certificates that it will perform the obligation under said certificates in the place and stead of International Mutual Union, subject, however to all the limitations, restrictions, conditions and provisions stipulated by the terms of the reinsurance agreement.'' In the letter accompanying the rider the appellant assumed all the obligations of the Wallace certificate of membership agreeing that it would perform such obligations in the place and stead of the International Mutual Union, subject to the same limitations of the reinsurance agreement. The letter further instructed the certificate members to make all payments to appellant and not to the old organization. It further stated ''Through the reinsurance and consolidation of the International Mutual Union with the Commercial Life Insurance Company, each certificate is backed by the strength of the above combination.''

By the reinsurance contract all the books, records, papers, documents of every kind, good will, risks and assets of International Mutual Union were transferred to appellant. Following January 2, 1931, the appellant levied certain assessments on the Wallace certificate and these were all paid up to the death of Lena Wallace on March 3, 1931. Proper proofs of death were furnished appellant. Later appellee was notified that his claim had been allowed in the sum of $134.33, in accordance with the limitation contained in section six of the reinsurance contract.

It was urged that because of the age of Lena Wallace and the amount of the assessments paid by her, she did not come within the class of International Mutual Union beneficiaries entitled to receive payment in full of the face of the policy, but did come within a class entitled to receive a limited amount; that having accepted the rider and having paid assessments to appellant she was held and bound to all the terms of the reinsurance agreement. The certificate of

membership issued to Lena Wallace by International Mutual Union was a contract or agreement to pay a certain sum of money at the time of her death, provided she paid the assessments as they became due. Neither the old company nor the new one could take any action which would impair the contract of the certificate holder unless such certificate holder consented to such change. *Jones v. Loaleen Mutual Benefit Ass'n,* 337 Ill. 431. The Commercial Life Insurance Company having contracted to take over the assets and assume the liabilities of the International Mutual Union, became primarily liable on the original certificate, and we do not believe the record in this case indicates that the certificate holder consented to a modification of her rights or the reduction of the amount due under the certificate of membership.

In the case of *York v. Central Illinois Relief Ass'n,* 340 Ill. 595, the court said, in a somewhat similar case, "There is no doubt that the parties to a contract may by their mutual agreement accept the substitution of a new contract for the old one with the intent to extinguish the obligation of the old contract, but one party to a contract cannot by his own acts release or alter its obligations. The intention must be mutual." In all of the communications to the policyholder in this case there was no reference to any change in the terms of the certificate. To show an acceptance of a new and changed certificate as a substitute for the old, the burden was on the appellant to show that Lena Wallace, with actual knowledge of the terms of the new certificate, made her payments with the intention of accepting those terms and not in continuation of the original certificate. This in our opinion, was an affirmative defense and should have been pleaded by appellant. There has, however, been no proof of any intention to accept the terms of the new certificate and the judgment of the county court of Williamson county is affirmed.

*Affirmed.*