(No. 26332.—

JEANETTE GREENBERG, Appellant, *vs.* METROPOLITAN LIFE INSURANCE COMPANY, Appellee.

*Opinion filed March 16, 1942—Rehearing denied May 12, 1942.*

EHRLICH & COHN, (BENJAMIN H. EHRLICH, of counsel,) for appellant.

HOYNE, O'CONNOR & RUBINKAM, (NATHANIEL RUBINKAM, JOHN C. MELANIPHY, and IRA W. HURLEY, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on appeal granted to review the judgment of the Appellate Court for the First District reversing, without remanding, the judgment of the circuit court of Cook county entered in favor of appellant on four life insurance policies. The suit was originally brought on five insurance policies. Count 2 of the declaration, describing one of the policies, was withdrawn, and that policy was not before the court at the time of the trial. The trial was had before the court without a jury and judg-

ment was entered in the sum of $21,056.59 and interest from the date of the death of the insured.

Three of the four policies had what is known in this record as disability clauses, by which the company agreed, on proof of total permanent disability, which had continued for a period of ninety days, to waive further premiums on the policy and to pay the insured an indemnity of ten dollars per month for each $1000 of insurance, during such disability. Liability was denied on each of the policies and it was also averred that as to two of them, No. 5994387-A for $4415, declared upon in count 3, and No. 5425420-A for $5000, declared upon in count 4, the defendant had paid the insured the cash surrender value of the policy and purchased the policy from him, and that it had been delivered to the company and cancelled. Appellant's pleadings do not deny that transaction, but declare that the amount paid, which was $53.94 on one and $16.03 on the other, did not represent the true cash surrender value, and that these policies should be held not to have been surrendered and cancelled. It may be said, however, that there is no testimony in the record that the surrender of these policies was due to any undue influence, fraud or duress of the appellee, and no claim of such is made. The record shows that the insured applied for the reinstatement of all of the policies with appellee, which the latter refused on account of the insured's physical condition due to the accidental injury. Thereupon the insured, under the terms of the policies, voluntarily surrendered them, and he and the appellant beneficiary thereunder accepted the cash surrender value. This voluntary surrender of the policies, together with the acceptance of the amount tendered, constitute a valid accord and satisfaction and relieved appellee from liability under those policies. (*Janci* v. *Cerny*, 287 Ill. 359; *Bingham* v. *Browning*, 197 id. 122; *Ostrander* v. *Scott*, 161 id. 339; *Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 id. 626.) Therefore the questions in this case arise

on the two remaining policies, No. 5071700-A for $5000, declared upon in count 1 of the declaration, and policy No. 4623686-A, also for $5000, declared upon in count 5. These policies each had the following indemnity clause, which, after reciting the provisions for the payment for the additional coverage, read as follows:

"Hereby agrees, that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said Policy and this Supplementary Contract are in full force and prior to the anniversary date of said Policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said Policy and this Supplementary Contract, and,

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said Policy, a monthly income of $10 for each $1000 of insurance, or of commuted value of installments, if any, under said Policy.

"Such waiver shall begin as of the anniversary of said Policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof.

"The disability benefit herein provided shall not be payable if, at the date of disability, the said Policy shall be in force by virtue of any non-forfeiture provisions thereof, or if disability shall have resulted from bodily injuries sustained by the insured while participating in aviation or aeronautics, except as a fare-paying passenger, or sustained while the insured is in the Military or Naval Service in time of war, or as the result of violation of law by the insured.

"Notwithstanding that proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time, on demand from the Company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the Company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable according to the terms of said Policy and of this Supplementary Contract."

The evidence is that Greenberg, the insured in each of said policies, on February 13, 1933, fell backward through an open trap-door of his drug store, sustaining serious injuries to his back, necessitating the removal of three lower coccyx bones. He remained in the hospital until March 21, 1933, when he was taken home, and, in April, taken from his bed to the doctor's office two or three times a week. In November, 1933, he went to his place of business for about an hour a day. In 1934 his attendance at the store was of several hours at a time. He was then able to walk with aid of two canes and later with aid of one. Insured's family physician testified insured could do only mental work in conduct of his business. On cross-examination he admitted signing, at the request of the

insurance company, after death of insured, a statement in evidence that insured made a complete recovery, but testified he meant he had recovered from his injury as far as he could possibly recover; that the operation was a success and that was all the statement was intended to cover.

On or about May 27, 1933, insured made claim for payments under the total and permanent disability provisions of these policies. Appellee rejected the claim on the ground the proof submitted did not show insured was totally and permanently prevented from engaging in any occupation and performing any work for compensation or profit, and advised the insured to pay his premiums. In July and August, 1934, the insured signed separate applications for the reinstatement of each policy, in each of which he answered in the affirmative the question: "Are you now in sound health?"

The trial court found that the insured, from the time of his accident, in February, 1933, until his death, was permanently and totally unable to work; that at the time proof of disability was made no premiums were due on these policies; that before such premiums became due the disability clauses became applicable and disability payments accrued but were not paid, and that it was the duty of appellee to apply the money due and owing the insured on these policies to keep them in force.

The Appellate Court disregarded the trial court's finding of fact that the insured was permanently and totally disabled, and held as a matter of law that since the right of the insured to the disability benefits provided for in these policies, was in dispute and undetermined, appellee was under no obligation to waive payment of the premium due on each of said policies, and the insured had no right to expect appellee to pay the premiums on these policies; that appellee was not obligated, under the circumstances, to make monthly payments to the insured as provided in said policies; that there were no funds admittedly and absolutely due from appellee to the insured, when said

premiums fell due, which appellee should have applied to avoid lapsation of the policies, therefore appellant was not entitled to recover.

The rule is that where the Appellate Court reverses a judgment without remanding the cause or making a finding of facts, it is to be presumed that the Appellate Court found the facts the same as they were found by the trial court and that as a matter of law the facts do not sustain the judgment entered by the trial court. It follows that if the facts do, as a matter of law, sustain the trial court's judgment, the judgment of the Appellate Court must be reversed. *Armstrong Paint and Varnish Works* v. *Continental Can Co.* 301 Ill. 102; *Dandyline Co.* v. *Linsk,* 295 id. 69; *Abdill* v. *Abdill,* 292 id. 231.

The basis of the judgment of the Appellate Court as to the two policies, declared on in counts 1 and 5, was its construction of the clauses relating to disability. If that construction is correct, then, since the fact as to permanent total disability was in dispute, no liability arises under these policies. But if the proofs offered by the insured more than three months after his injury brought the disability clauses into operation, then the policies did not lapse and the circuit court was right in its judgment as to those two policies.

Appellee contends here, and the Appellate Court held, that because appellee denied liability and the insured took no action to have determined the question whether he was totally and permanently disabled, no disability payments accrued and the policies lapsed. No cases are cited supporting this contention. Of course it may well be, in many cases, that no one could prove that an injured insured would never recover. That fact, however, does not render his proof of permanent total disability insufficient. That appellee in its contract did not so construe the disability clauses, is shown by the provisions in them that on demand of the company, after acceptance of such proofs by it, the insured shall submit proof of the continuance of disability.

Thus the company protects itself in case of recovery of the insured. Such a provision could scarcely be said to be pertinent if complete proof of permanent disability were required three months after the injury.

Appellee's counsel argue that the provision that permanent and total disability shall continue for a period of ninety days merely fixed a waiting period, and to be entitled to the benefits of the payments under the supplemental contracts the insured must be totally and permanently disabled for the remainder of his life. We do not consider this construction justifiable. So construed, the insured, in many cases shown in the light of later facts to have been clearly cases of permanent total disability, would be unable to make the required proof, and such could not be made until after the death of the insured, when, of course, disability benefits could no longer accrue.

There is no dispute that from the date of the injury, in February, 1933, to May 27th of that year, when proofs were submitted, the insured was totally disabled. The proof then offered was sufficient to create liability on the part of the company for disability payments, and to stop the accrual of premiums, as stipulated in the disability clauses. If a dispute were sufficient to prevent the operation of the disability clauses, regardless of the fact of the matter, it might well be that there could be no accrual of such benefits. When appellee rejected the proofs in May, 1933, it took the chance of its being determined as an issue of fact that the insured had suffered the disability contemplated by the disability clauses. Nothing in the policies required the insured to bring suit to have that issue of fact judicially determined. We are of the opinion that the condition in these provisions that proof be accepted by the company, does not, in case of wrongful refusal to accept same, excuse the company from liability thereunder. It is a familiar rule that a contract of insurance, since written by the insurer, is to be construed most strongly against the

company issuing it. For reasons stated, we are of the opinion that the supplemental contract did not contemplate that appellee must, before it became liable thereunder, be satisfied that the insured's injuries and disabilities be such that he would never, during the remainder of his life, be able to engage in any occupation or perform any work for compensation or profit, and as appellee did not seek later to establish the recovery of the insured, the policy cannot be said to have lapsed. Though it be said that the statement of the insured, made in July, 1934, in his application for reinstatement of these policies, be sufficient evidence of his recovery to bar further indemnity under the disability clauses, yet such clauses had then been in effect since proof of disability made in May, 1933, and under them more than enough indemnity had accrued by July, 1934, and remained unpaid, to pay premiums on these policies until the death of the insured.

We are of the opinion that policy No. 5071700-A, for $5000, declared upon in the first count, and policy No. 4623686-A for $5000, declared upon in the fifth count, were, under the provisions of the disability clauses, as we construe them, in force and effect at the time the insured died, and that the circuit court was right in entering judgment upon them. The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed as to the amount found due upon those policies. But for reasons stated herein, the judgment of the circuit court is reversed as to the amount found due upon the policies which were purchased by the insurance company as hereinbefore stated, and the cause is remanded to the circuit court with directions to enter judgment in accordance with the views herein expressed.

> *Judgment of Appellate Court reversed;*
> *Judgment of circuit court affirmed in part and*
> *reversed in part and remanded, with directions.*