David Harris, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 43,070.

Heard in the third division of this court for the first district at the June term, 1944. Opinion filed February 14, 1945. Released for publication March 5, 1945.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellant; Nathaniel Rubinkam and Melvin L. Gibbard, both of Chicago, of counsel.

Edward W. Weiss and Nathan Einhorn, both of Chicago, for appellee.

Mr. Presiding Justice Burke delivered the opinion of the court.

On May 10, 1926 the Metropolitan Life Insurance Company issued its policy of insurance in the face

amount of $2,500 upon the life of David Harris. His application shows that he was born in Philadelphia, Pennsylvania on September 22, 1893. Attached to the policy and forming a part thereof was a supplemental contract providing for total and permanent disability benefits of $25 a month, plus the waiver of the premiums. On December 26, 1941 he filed a claim for disability benefits. Part of the proofs submitted was a certificate of Dr. Harry Krauth, his attending physician, dated December 18, 1941. From that certificate it appears that the physician visited insured at his home on 12 occasions between September 24, 1941 and November 21, 1941, treated him for coronary thrombosis and that he was continuously confined to his home until November 22, 1941. In answering a question with respect to the patient's exact condition as of December 18, 1941, the physician stated, "markedly improved" and that the prognosis was "favorable." As to whether the disability would be permanent, the physician answered, "undetermined." The company refused to honor the claim and David Harris filed his statement of claim in the municipal court of Chicago, asking judgment for $200. Issue was joined. A trial before the court without a jury resulted in a finding and judgment for plaintiff for $200, to reverse which this appeal is prosecuted.

The disability provision in controversy reads as follows:

"The Company 'hereby agrees that upon receipt by the Company at its Home Office in the City of New York of due proof on the forms which will be furnished by the Company, on request, that the insured has, while said policy and this Supplementary Contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as

to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability, 1. Waive the payment of each premium falling due under said Policy and this Supplemental Contract, and, 2. Pay to the Insured . . . a monthly income of $10.00 for each · $1,000.00 of insurance . . . .' Notwithstanding that proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time, on demand from the Company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the Company will not demand such proof more often than once in each subsequent year. If the insured shall fail to furnish such proof, or if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable according to the terms of said Policy and Supplemental Contract."

In his statement of claim plaintiff alleged that on September 24, 1941 he became totally and permanently disabled as a result of disease so as to prevent him thereby from engaging in any occupation or performing any work for compensation or profit; that his total and permanent disability within the purview of the total and permanent disability provision existed from September 24, 1941 for a period of seven months; and that there was due him a disability income of $25 per month, plus the amount of the premiums which should have been waived. Plaintiff's theory is that "his total disability, although existing for a period of only seven months, entitles him to recover the disability benefits for those seven months in accordance with the legal interpretation of the total and permanent disability

provision of the policy.'' Defendant's theory is that the policy provides for the payment of benefits only in the event the insured is totally and permanently disabled so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit; that the receipt of due proof of such total and permanent disability is a condition precedent to recovery; that the proof furnished by plaintiff showed his disability to be temporary; and that inasmuch as plaintiff recovered from the disability prior to the institution of suit, the disability was temporary and defendant did not become liable under the terms of the policy.

The case was tried on December 29, 1943. It was stipulated that plaintiff was totally disabled ''so as to be unable to do any work or perform any work for compensation or profit'' for a period of seven months commencing September 24, 1941. During that period he paid a premium of $29.39. By agreement the deposition of plaintiff was read into the record. In the deposition plaintiff admitted that after the seven-month period he fully recovered, was able to work and has worked since. He testified that he was working and that he ''feels fine.'' The only issue is whether plaintiff may recover the monthly disability payments provided by the total and permanent disability provisions for such time as he was totally disabled. Plaintiff calls attention to the clauses that the monthly total and permanent disability payments shall be made if the total disability continues for three months; that the company may at any time demand proof of the continuance of such total and permanent disability; and that if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the company shall cease making disability payments. Plaintiff argues that our courts have held that the word ''permanent'' as used in this type of policy does not mean for a

lifetime or everlasting; that the yardstick of three months placed against total disability due to illness of an apparently permanent nature, and the right of defendant to cease payments if the insured recovers, belie and contradict defendant's argument that the disability must be permanent in the usual abstract sense of the word; that the law will not permit the use of the word "permanent" to have the effect of rendering meaningless the two provisions mentioned; and that if defendant intended that the disability clause should cover only "permanent" disability in the sense of meaning for lifetime or unlimited duration, then the three-month yardstick and the right to cease payments in the event of recovery would be useless and facetious. With respect to the doctor's statement that the illness was of "undetermined" duration, plaintiff suggests that this was the only true and honest opinion "any doctor could ever give as to the duration of such illness," and that "because diseases of this nature are always of 'undetermined' duration and never become determined of duration until recovery or death; that the company by its own language sought to protect itself by providing the right to cease making payments upon recovery"; and that this is the only logical interpretation of the clause and is strictly in accordance with the construction given it by our courts. Plaintiffs rely on *Greenberg v. Metropolitan Life Ins. Co.*, 379 Ill. 421; *Johnson v. Mutual Trust Life Ins. Co.*, 269 Ill. App. 471; and *Ginsburg v. Prudential Ins. Co.*, 294 Ill. App. 324. Defendant cites *Sibley v. Travelers' Ins. Co., Hartford, Conn.*, 275 Ill. App. 323; *Buffo v. Metropolitan Life Ins. Co.*, 277 Ill. App. 366; *Russell v. New York Life Ins. Co.*, 305 Ill. App. 619; *Leibson v. Metropolitan Life Ins. Co.*, 297 Ill. App. 649; *Ehrenreich v. Massachusetts Mut. Life Ins. Co.*, 305 Ill. App. 584; and numerous cases from other jurisdictions.

██ It will be noted that the contract under consideration does not protect the insured against the loss of ability to perform his usual occupation, nor does it insure against total disability and presume the latter to be permanent, for the purpose of the coverage after it has continued uninterruptedly for a specified period. In order to be entitled to payment, the policy in the instant case requires the insured to be totally and permanently disabled so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit. Plaintiff's statement of claim alleges that his total and permanent disability existed for a period of seven months. We agree with defendant that the words "permanent" and "temporary" are antonyms and readily occur to the ordinary mind as such, and that a disability that is "transient" or "temporary" cannot be a permanent one. It is reasonable to say that one has been "totally disabled" for a definite period, but it would be contradictory to speak of a "permanent" disability as being for a limited period. The clause "that such disability has already continued uninterruptedly for a period of at least three months" does not raise a presumption that the disability is or will be permanent because it existed for three months. It is merely a "waiting period," which must intervene before the insured can claim the policy benefits if his disability is total and permanent. The obvious purpose of the provision is to allow a sufficient time to elapse after the inception of a total disability to secure a careful prognosis on the question of permanence. We agree with defendant that the provision for termination of benefits is entirely consistent with the requirement of permanence. Presumably, it was inserted because the progress of medical science has demonstrated that many maladies once considered incurable are responding to new techniques. In affirming a judgment for

the plaintiff in a case involving a policy with a similar provision for disability benefits, the court, in *Johnson v. Mutual Trust Life Ins. Co.,* 269 Ill. App. 471, said (p. 475):

"It clearly indicates that the parties intended by this contract that whenever it should appear that the plaintiff was totally disabled and that such disability would, so far as it was possible to ascertain at the time, be permanent, the insured should receive the income and have the premiums waived as provided in his policy, from the time such fact is determined until the insured recovered or died. No other reasonable construction can be given the provisions of the policy in this case, . . . ."

The record shows that plaintiff was totally disabled during the seven-month period for which he seeks benefits. However, the contract of insurance obligated the defendant to make the payments and waive the premiums only if the disability was total and permanent. There is no proof that the disability was permanent. Clearly, it was only temporary. Failing to prove, as alleged, that his disability was permanent, plaintiff did not make out a case. Therefore, the judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter judgment for the defendant and against plaintiff.

*Judgment reversed and cause remanded with directions.*

KILEY, J., and LUPE, J., concur.